# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1678

_____

United States of America,     *
    *
       Plaintiff - Appellee,     *
    * Appeal from the United States
    v.     * District Court for District
    * of Minnesota.
Robert Berni,     *
    * [PUBLISHED]
       Defendant - Appellant.     *

_____

Submitted: January 30, 2006
Filed: February 28, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Robert Bernie appeals the 96-month sentence the district court[1] imposed following his plea of guilty to conspiring to distribute in excess of 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. The district court applied the career offender provisions of U.S.S.G. § 4B1.1(b), found the Guidelines range to be 188 to 235 months, and granted the government's motion for a downward

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

departure based on substantial assistance under U.S.S.G. § 5K1.1. Sentencing occurred after the Supreme Court issued its opinion in United States v. Booker, 543 U.S. 220 (2005). The district court properly treated the Guidelines as advisory and considered the appropriate factors under 18 U.S.C. § 3553(a). At sentencing, Bernie requested that the district court impose the statutory minimum sentence of sixty months. The government did not make a specific sentencing recommendation. The ninety-six-month sentence that the district court imposed represented a reduction of approximately fifty percent from the bottom of the advisory Guidelines range. We affirm.

It is undisputed that Bernie had prior convictions sufficient to trigger application of the career offender provisions of U.S.S.G. § 4B1.1(b). He nevertheless argues on appeal that the district court acted unreasonably when it applied the career offender provisions. The government characterizes Bernie's appeal as an impermissible challenge to the extent of the sentencing court's discretionary downward departure under U.S.S.G. § 5K1.1.

We address the government's argument first. Prior to Booker, it was clear that defendants could not appeal the extent of a downward departure, or a district court's refusal to grant a downward departure, under U.S.S.G. § 5K1.1. United States v. Goodwin, 72 F.3d 88, 91 (8th Cir. 1995) ("We have repeatedly held that the extent of a downward departure is unreviewable on appeal."). In fact, 18 U.S.C. § 3742(a) precluded appellate review of defendant appeals regarding downward departures. See United States v. Riza, 267 F.3d 757, 758-59 (8th Cir. 2001) ("[W]e have consistently held that the district court's decision *not* to depart downward is unreviewable so long as the court was aware of its authority to depart.") (citing § 3742(a), other citations omitted).

In the remedial section of Booker, the Court struck the statutory provisions that made sentencing within the Guidelines mandatory and that set forth the standard of

review on appeal, including de novo review of departures from the applicable Guidelines range. Booker, 543 U.S. at 259 (striking 18 U.S.C. § 3553(b)(1) (Supp. 2004) and § 3742(e) (main ed. and Supp. 2004), respectively). This effectively made the Guidelines advisory and made sentences under the advisory regime subject to a general, overall review for reasonableness guided by the factors of § 3553(a). The Court did not strike § 3742(a), however, and we have recognized the continuing validity of § 3742(a) by refusing to review U.S.S.G. § 5K1.1 departures as a matter separate from our general, overall review for reasonableness. See United States v. Morell, 429 F.3d 1161, 1164 (8th Cir. 2005) (stating in a case that involved no challenge to the reasonableness of the sentence, "The decision not to depart downward is not reviewable under 18 U.S.C. § 3742."); United States v. Frokjer, 415 F.3d 865, 875-76 (8th Cir. 2005) (noting that Booker left § 3742(a) intact, refusing to review the extent of a departure, but conducting a general review for reasonableness). The fact that an advisory Guidelines determination involves a section 5K1.1 departure does not shield the overall sentence from our review for reasonableness. Frokjer, 415 F.3d at 875 n.3. This review remains available because "an unreasonable sentence would be imposed 'in violation of law' within the meaning of § 3742(a)." Id. Accordingly, to the extent the government argues we are precluded from reviewing Bernie's sentence for reasonableness, we reject that argument.

Turning to merits of Bernie's appeal, the argument that it was "unreasonable" for the district court to use the career offender Guidelines is misplaced. The determination of whether to apply the career offender Guidelines to calculate the advisory Guidelines range is not a matter left to the district court's discretion. Rather, sentencing courts must correctly determine the applicable Guidelines range in order to properly carry out the sentencing process under § 3553(a). Accordingly, we do not review the determination of an advisory Guidelines range for reasonableness under an abuse of discretion standard. We review underlying factual determinations for clear error and advisory Guidelines determinations de novo. United States v. Mathijssen, 406 F.3d 496, 498 (8th Cir. 2005). Based upon our de novo review, it is

clear that Bernie's prior convictions required application of the career offender Guidelines provisions to calculate the advisory range.

Turning to the separate issue of the reasonableness of the overall sentence, we find no abuse of discretion in the district court's imposition of a ninety-six-month sentence. See United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (standard of review), cert. denied, 126 S.Ct. 276 (2005). The district court properly calculated the advisory Guidelines range, permissibly applied a section 5K1.1 departure, and took that resulting range and departure into account along with the other 18 U.S.C. § 3553(a) factors to arrive at the sentence of ninety-six months. The overall sentence imposed is about half of the low end of the Guidelines range. Based on the facts of this case—a recidivist pattern of returning to marijuana trafficking following prior releases from incarceration and an admission by Bernie that he was involved in the sale of over 227 kilograms of marijuana—and based on the applicable Guidelines range and the other § 3553(a) factors, the sentence is reasonable.

The judgment of the district court is affirmed.

_____