# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1279

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Kevin Michael Dieatrick, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: July 7, 2006
Filed: July 12, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Kevin Michael Dieatrick (Dieatrick) pled guilty in the district court[1] to the use of a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a). Dieatrick was facing a mandatory minimum sentence of 10 years in prison. Before sentencing, however, the government filed a substantial-assistance downward-departure motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 and recommended a sentence of 96 months

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

in prison. The court ultimately sentenced Dieatrick to 72 months in prison and 3 years of supervised release.

On appeal, Dieatrick's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing the court "unreasonably denied a departure beyond 70 months" because (1) the victim and her mother requested leniency, (2) Dieatrick's cooperation with the government led to the prosecution of others involved in the offense, (3) Dieatrick served 26 months of "hard time" pending sentencing, and (4) Dieatrick was not a distributor of pornography. In his pro se document which we construe as a pro se supplemental brief, Dieatrick asserts the district court should not have sentenced him before verifying he had personally read the presentence investigation report (PSR). See Fed. R. Crim. P. 32(i)(1)(A). Additionally, Dieatrick notes a sentencing conference had taken place in the judge's chambers, and argues the government engaged in prosecutorial misconduct during this conference by presenting an inflated view of the sentencing possibilities for the other defendants involved in the case. Dieatrick asserts the court relied on this misinformation in formulating a "fair and just" sentence.

Although we cannot review the overall extent of the district court's departure, we will review Dieatrick's sentence for reasonableness. See United States v. Booker, 543 U.S. 220, 261-62 (2005) (holding appellate courts review sentences for reasonableness, and 18 U.S.C. § 3553(a) guides appellate courts in determining whether sentence is reasonable); United States v. Berni, 439 F.3d 990, 992 (8th Cir. 2006) (per curiam) (holding challenge to extent of downward departure remains unreviewable post-Booker, and fact that advisory Guidelines determination involves section 5K1.1 departure does not shield overall sentence from review for reasonableness), cert. denied, (U.S. June 26, 2006) (No. 05-11240).

We hold Dieatrick's sentence, including a 48-month downward departure from the initial advisory guidelines range calculation, was reasonable. The district court

considered the particular circumstances of Dieatrick's offense, Dieatrick's extensive cooperation with the government, and his criminal history. We hold all of these factors were relevant under section 3553(a), and there is no indication the district court based the sentence on any improper or irrelevant factor. See United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.) (holding district court must not base sentence on irrelevant or improper factor, and must not neglect relevant factors), cert. denied, 126 S. Ct. 840 (2005); United States v. Saenz, 428 F.3d 1159, 1164-65 (8th Cir. 2005) (holding there is range of reasonableness available to district court in any given case).

Turning to Dieatrick's pro se argument the district court improperly sentenced him without first verifying he personally had read the PSR, we note the record establishes counsel's verification the entire PSR was read to Dieatrick and Dieatrick did not dispute that fact or request a continuance. We therefore hold Dieatrick's argument is without merit because he cannot show he was harmed. See Fed. R. Crim. P. 52(a) (stating error that does not affect substantial rights is disregarded); United States v. Prado, 204 F.3d 843, 845 (8th Cir. 2000) (finding any error was waived and was harmless where defendant did not seek additional time to review PSR and had made specific objections to PSR). Additionally, there is no indication of any prosecutorial misconduct. Assuming arguendo the prosecutor's statements in the judge's chambers were improper, there is no indication the court considered these statements at sentencing so as to deprive Dieatrick of a fair proceeding. See United States v. Milk, 447 F.3d 593, 602 (2006) (addressing claim of prosecutorial misconduct).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no other nonfrivolous issue. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____