

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-15-2007

# USA v. Mercado

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1746

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Mercado" (2007). *2007 Decisions.* Paper 1466.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1466

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 06-1746

———

UNITED STATES OF AMERICA

v.

VIDAL MERCADO, a/k/a Hoodie,

Vidal Mercado,
                                    Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 05-cr-00275-4)
District Judge:  Hon. Christopher C. Conner

———

Submitted Under Third Circuit LAR 34.1(a)
March 5, 2007

Before: SLOVITER and AMBRO, Circuit Judges, and BRODY,[*] District Judge

(Filed March 15, 2007)

———

OPINION

———

———

[*] Hon. Anita B. Brody, United States District Court for the
Eastern District of Pennsylvania sitting by designation.

BRODY, District Judge

Defendant Vidal Mercado pleaded guilty to one count of conspiracy to distribute heroin in violation of 21 U.S.C. § 846. The District Court sentenced him to 100 months' imprisonment and a fine. Mercado appeals his sentence on the grounds that it overstates the seriousness of his criminal history and likelihood of recidivism. He also challenges the overall reasonableness of his sentence. For the reasons that follow, we will affirm.

## I.      Factual and Procedural History

Mercado was arrested on August 16, 2005 and charged with distribution of heroin and conspiracy to distribute heroin in a superseding indictment. Mercado was acting as a middle man, selling bundles of heroin for a heroin dealer whose identity Mercado has disclosed to the government (along with several other dealers and middlemen). On October 31, 2005, Mercado was represented by counsel and pleaded guilty pursuant to a plea agreement to one count of conspiracy to distribute heroin in violation of 21 U.S.C. § 846.

At the sentencing hearing on February 21, 2006, the District Court adopted without change the factual findings and sentence calculation of the presentence investigation report ("PSR") after confirming that Mercado did not object to this report other than insignificant factual clarifications. Appendix to Appellant's Brief ("App.") at 13.

The PSR began the calculation with an offense level of 12, the base level under U.S.S.G. § 2D1.1(a)(3) for a 21 U.S.C. § 846 offense involving less than five grams of

2

heroin. PSR ¶19. The report then calculated a 20-level upward adjustment because Mercado was a "career offender" pursuant to U.S.S.G. § 4B1.1. PSR ¶25. Mercado had two prior drug felony convictions when he was 17 and 18 years old. PSR ¶29-30. He was 33 years old at the time of this latest offense. The report also factored in a two-level decrease for acceptance of responsibility, and another one-level reduction for the government's anticipated motion to depart for assisting authorities in his own prosecution under U.S.S.G.§ 3E1.1(a) and (b). PSR ¶26. The resulting offense level was 29. PSR ¶27.

According to the PSR, Mercado had 15 criminal history points based on his prior criminal convictions. Mercado's criminal record included drug possession, loitering and disorderly conduct, failure to pay child support, car theft, and a 2001 incident during which he resisted arrest and threw away drugs while being chased by police. Under the Guidelines, these prior crimes put Mercado well into criminal history category VI, the highest category, resulting in a sentencing range of 151-188 months.

After adopting the PSR, the District Court ruled on two motions for departure under the Guidelines. First, Mercado argued that the seriousness of his criminal history and likelihood of recidivism were over-represented because his two prior drug felonies, which formed the predicate for his career offender status, occurred over 15 years earlier when defendant was only 17 and 18 years old. Defendant's other offenses, his counsel added, had been "misdemeanors, summary cases, and contempts of court for failing to pay support, no doubt all due to severe drug habits that he's been battling throughout the

course of this life." App. at 15-18. The District Court stated that it would consider this departure request for over-representation of criminal history under U.S.S.G. § 4B1.3B and United States v. Shoupe, 35 F.3d 838 (3d Cir. 1994), even though defendant raised it pursuant to 18 U.S.C. § 3553 and 28 U.S.C. § 994. App. at 20-21. The judge then continued,

> I also recognize that as I believe [government's counsel] indicated that it is within my discretion to depart, but I am going to decline to do so in this case.... The court does not find that the defendant's criminal history category or career offender designation substantially overrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes.
> Since 1990 the defendant has had numerous convictions, including drug related convictions. As recently as 2001 the defendant was convicted of tampering with or fabricating evidence, resisting arrest, and simple assault. Without the career offender designation the defendant's criminal history category would already have been 6....
> So to depart downward based on the specific characteristic of the specific offense and its corresponding offense level would negate the purpose of the career offender designation. Accordingly, the court will decline to exercise its discretion to depart downward under Section 4A1.3.

App. at 21-23. The District Court next ruled on the government's motion to depart under U.S.S.G. § 5K1.1 for Mercado's substantial assistance in the investigation and prosecution of others. Although the government only requested a three-level departure, the Court granted a five-level departure resulting in an adjusted offense level of 24 and a sentencing range of 100 to 120 months. App. at 23-28.

Finally, the District Court ruled on Mercado's motion to reduce his sentence under the "general category of the factors set forth under Section 3553(a)." App. at 28. The Court acknowledged arguments mentioned in defendant's brief – "the nature of the

defendant's upbringing, the disadvantages to which he has been subjected, the potential

disparity between the sentences of individuals who have been charged with essentially the

same wrongdoing" – and heard testimony from Mercado's present and ex-girlfriends,

which the Court said could be relevant to it's analysis under Section 3553. App. at 28.

After this testimony, the Court ruled:

> I recognize that the guidelines are advisory since the <u>Booker</u> decision and
> that it is in my discretion to depart from the guidelines, but I'm going to
> decline to do so in this case.
>     I do not believe there exists a mitigating circumstance of a kind or to
> a degree that is not adequately taken into consideration by the sentencing
> commission here....
>     The court is not unsympathetic to the nature and circumstances of
> this case or the history of the defendant, but they do not fall outside the
> heartland of cases envisioned by the sentencing commission, and
> accordingly the court finds that a sentence within the guidelines range is
> reasonable and satisfies the purposes of Title 18 Section 3553(a).

App. at 40-41. Following a statement by the defendant, the government

recommended a sentence of 108 months. The District Court sentenced as

follows:

> This is a difficult decision for the court in light of the defendant's extensive
> criminal history. He has failed to be deterred by previous terms of
> imprisonment and supervision, and there is a strong likelihood, the court
> believes there's a strong likelihood of recidivism, despite the defendant's
> statements to the contrary. However, the court finds that a sentence at the
> low end of the range is believed to be sufficient to address sentencing
> objectives....
> [...]
>     The sentence imposed satisfies the purposes set forth in Title 18 of
> the United States Code, Section 3553(a), including the necessity of
> deterrence and just punishment, promotion of respect for the law, protection
> of the public, avoidance of unwanted disparities, and assurance of
> correctional treatment for the defendant, and reflects the court's full

consideration of all relevant factors to the sentencing determination, including the criminal history and the characteristics of this defendant, the kinds of sentences available, and the advisory range and policies proscribed by the sentencing commission.

App. at 47-49. The District Court sentenced Mercado to 100 months imprisonment, a fine of $1,000 dollars and a special assessment of $100. The Court agreed to Mercado's requests that the Court request the Bureau of Prisons to incarcerate Mercado as close to his home area as possible and to provide him vocational and drug addiction counseling.

## II. Discussion

After the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005), district courts in this circuit should follow a three-step process to determine a reasonable sentence.

(1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker.*
(2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre- *Booker* case law, which continues to have advisory force.
(3) Finally, they are to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006) (cited in United States v. Jackson, 467 F.3d 834, 837 (3d Cir. 2006), and United States v. Charles, 467 F.3d 828, 830-1 (3d Cir. 2006)).

## A.     Guideline Calculation

Because a district court should first correctly and precisely calculate the

Guidelines imprisonment range applicable to a defendant's particular circumstances,

United States v. Cooper, 437 F.3d 324, 330 (3d Cir. 2006), if the career offender

provision U.S.S.G. § 4B1.1 is applicable, then the court should incorporate it into this

calculation.[1]  See also United States v. Berni, 439 F.3d 990, 992 -993 (8th Cir. 2006)

("The determination of whether to apply the career offender Guidelines to calculate the

advisory Guidelines range is not a matter left to the district court's discretion."); United

States v. Andrews, 447 F.3d 806, 811 (10th Cir. 2006) ("district court did not commit

constitutional Booker error by applying the § 4B1.1 enhancement").  In this case, the

District Court properly began its consideration of Mercado's sentence by adopting a

calculation of his sentence range under the Guidelines.  In doing so, the Court properly

applied the career offender adjustment.

Mercado does not contend that he did not technically qualify for career offender

status under U.S.S.G. § 4B1.1.[2]   Rather, he challenges "the apparent beliefs of sentencing

---

[1]   U.S.S.G. § 4B1.1(b) states "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI."

[2]   U.S.S.G. § 4B1.1(a) states that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of

courts that 29 U.S.C. § 994(h), as implemented by the Sentencing Commission in U.S.S.G. § 4B1.1, essentially requires sentencing courts to sentence all defendants who meet the criteria of 28 U.S.C. § 994(h) 'at or near the maximum term authorized' by law." Defendant seems to argue that the Court erred legally by not considering factors in 18 U.S.C. § 994(d) before applying the U.S.S.G. § 4B1.1 career offender enhancement. But 28 U.S.C. § 994(d) and (h) are binding on the Sentencing Commission, not directly on the courts.[3] Pre-<u>Booker</u>, sentencing courts calculated sentencing ranges according to the Guidelines, not based on 28 U.S.C. §994(d) factors. <u>See e.g. United States v. Shoupe</u>, 929 F.2d 116, 120 (3d Cir. 1991) (applying the Guidelines standard for considering "age" in sentencing, which reflected the 28 U.S.C. § 994(d)(1) instruction to the Sentencing Commission that "age" should be considered in sentencing). This remains the same post-<u>Booker</u>.[4] <u>See United States v. Jackson</u>, 467 F.3d 834, 838 (3d Cir. 2006) (finding that

---

violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

[3] As the District Court correctly stated, "[t]he *sentencing commission* is mandated by statute 28 United States Code Section 994(h) to assure that... certain career offenders receive a sentence of imprisonment that is at or near the maximum term authorized" App. at 21 (emphasis added). The Court made this observation after explicitly recognizing its discretion to grant departure. <u>Id.</u>

[4] This argument is also perplexing because the District Court did not sentence at or near the maximum. After the Court granted Mercado downward departures under U.S.S.G. § 3E1.1(b) and § 5K1.1, it then sentenced him to the lowest end of the resulting 100-125 month imprisonment range. Apparently, the Court did not feel bound to sentence him to the maximum term

"the clear intent of the remedial opinion in <u>Booker</u> was for the process of calculating the Guidelines to continue operating as before"); <u>United States v. King</u>, 454 F.3d 187, 196 (3d Cir. 2006) (finding that district courts should still calculate a Guidelines sentence just as they would have before <u>Booker</u>).

**B.      Departure Based on Over-representation of Criminal History**

To the extent that Mercado challenges the District Court's decision not to reduce the offense level for over-representation of criminal history seriousness, our decision rests upon our charge on reviewing discretionary departures under the Guidelines. <u>Cooper</u>, 437 F.3d at 333.  The Court properly construed Mercado's motion to reduce his offense level for overstatement of criminal history seriousness as a motion to downward depart under U.S.S.G. § 4A1.3.[5]  As such, it was a discretionary decision not to depart downward.

Absent legal error, we cannot review a district court's discretionary decision not to depart downward under the Guidelines.  <u>Cooper</u>, 437 F.3d at 332-3; <u>United States v. Jackson</u>, 467 F.3d 834, 838 (3d Cir. 2006).   There was no legal error here; the Court

---

authorized by law, or at least the maximum range recommended by the now-advisory Guidelines.

[5]      U.S.S.G. § 4A1.3(b) is directly related to this type of motion, stating "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."

expressly acknowledged that it had discretion to depart at least twice. Thus, its decision

not to grant a departure under U.S.S.G. § 4A.1.3 is unreviewable by us.

### C. Reasonableness

A party challenging the reasonableness of a sentence, here Mercado, bears the

burden of establishing that the sentence is unreasonable based on the record and factors in

section 3553(a).[6] Cooper, 437 F.3d at 332. A sentence is reasonable if the sentencing

court 1) exercised its discretion by giving "meaningful consideration" to the factors listed

in 18 U.S.C. § 3553(a), and then 2) "reasonably applied those factors to the circumstances

of the case." Id. at 329- 30. For meaningful consideration, a district court is not required

to discuss and make findings as to each of the § 3553(a) factors "if the record makes clear

the court took the factors into account in sentencing," but a "rote statement of the §

3553(a) factors" alone is insufficient. Id. at 329. For reasonable application, we apply a

deferential standard on review and ask "whether the district judge imposed the sentence

he or she did for reasons that are logical and consistent with the factors set forth in section

3553(a)." Id. at 330.

After properly calculating the Guidelines sentencing range and ruling on

Mercado's motions to depart, the District Court gave meaningful consideration to the

Section 3553(a) factors. The Court clearly considered adequate deterrence and promoting

---

[6] We have jurisdiction to review a sentence for reasonableness. See United States v. Cooper, 437 F.3d 324, 327- 28 (3d Cir. 2006) (finding that jurisdiction lies under 18 U.S.C. § 3742(a)(1) and may also exist under 28 U.S.C.§ 1291).

respect for the law under § 3553(a)(2)(A) and (B) by finding that Mercado's prior arrests

and convictions to date have not stopped him from committing more crimes.  The Court

also noted and commented on arguments – both in Mercado's sentencing memorandum

and in courtroom oral argument and testimony – bearing on the other factors, such as:

imposing a sentence "sufficient, but not greater than necessary," 18 U.S.C.A. § 3553(a),

app. at 47;  the "history and characteristics of the defendant," 18 U.S.C.A. § 3553(a)(1),

app. at 28-41; and the  "need to avoid unwarranted sentence disparities,"  18 U.S.C.A. §

3553(a)(6), app. at 28.  The record shows that the Court adequately considered the

Section 3553(a) factors.[7]

The Court also reasonably applied the Section 3553(a) factors to the circumstances

of this case because the  reasons that it articulated for the sentence were logical and

consistent with those factors.  The Court found that Mercado's long history of drug-

related convictions and more recent violent crimes justified his career offender status, and

---

[7] In his appellate brief, defendant argues that his sentence
is unreasonable based on the 2004 Sentencing Commission report
Fifteen Years of Guideline Sentencing.  This report found
increased regional disparity for drug trafficking offenses and a 27%
recidivism rate for those sentenced as career offenders because of
prior drug offenses.  The report concludes, "[t]he career offender
guideline thus makes the criminal history category a *less* perfect
measure of recidivism risk than it would be without the inclusion
of offenders qualifying only because of prior drug offenses." App.
at 65 (emphasis in original).  This argument was not raised at
sentencing.  Furthermore, it is not evidence that the District Court
failed to consider the § 3553(a) factors and apply them reasonably
to this case.

any further departure than those already granted would undermine the Section 3553(a) factors. This was a reasonable conclusion in light of the circumstances of this case.

**III. Conclusion**

The District Court properly followed the required three-step process to determining a sentence. It first accurately calculated defendant's sentencing range under the Guidelines, including the application of U.S.S.G. § 4B1.1. Next, the Court decided not to depart downward under U.S.S.G. §4A1.3, cognizant of its discretion to grant a departure and without abusing this discretion. Finally, the Court reasonably decided not to grant a variance under §3553(a).

The judgment of sentence will be affirmed.