# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-3605

———————

United States of America,

            Appellee,

v.

Miguel Garcia-Orosco,

            Appellant.

\*
\*
\*
\*
\*    Appeal from the United States
\*    District Court for the
\*    Southern District of Iowa.
\*
\*      [UNPUBLISHED]
\*

———————

Submitted: October 18, 2007
Filed: November 1, 2007

———————

Before BYE, RILEY, and MELLOY, Circuit Judges.

———————

PER CURIAM.

Miguel Garcia-Orosco pleaded guilty to conspiring to distribute methamphetamine (Count 1), which subjected him to a 10-year minimum prison term, see 21 U.S.C. §§ 846, 841(b)(1)(A); and possessing a firearm in furtherance of a drug-trafficking crime (Count 7), which subjected him to a mandatory consecutive 5-year minimum prison term, see 18 U.S.C. §§ 924(c)(1)(A)(i), 2. At sentencing, the district court[1] determined an advisory Guidelines imprisonment range of 168-210 months for Count 1, granted the government's motion for a substantial-assistance reduction, and

———————

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

sentenced Garcia-Orosco to consecutive prison terms of 80 months on Count 1 and 60 months on Count 7. On appeal, Garcia-Orosco's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing the 140-month sentence is unreasonable because the 18 U.S.C. § 3553(a) factors indicate a lesser sentence would suffice to meet sentencing goals.

We conclude that the sentence is not unreasonable. See United States v. Booker, 543 U.S. 220, 260-64 (2005) (standard of review); United States v. Berni, 439 F.3d 990, 992 (8th Cir. 2006) (per curiam) (while extent of substantial-assistance departure remains unreviewable after Booker, sentence is still subject to overall review for reasonableness guided by § 3553(a) factors). Nothing in the record suggests that the district court considered an improper or irrelevant factor, failed to consider a relevant factor, or made a clear error of judgment in weighing appropriate factors. See United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (stating ways in which abuse of discretion may occur).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we grant counsel leave to withdraw, and we affirm.

_____