# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2954

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Western District of Arkansas.
Eric Rosario,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　　Appellant.　　　　　　*

_____

Submitted: January 21, 2009
Filed: January 28, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Eric Rosario pleaded guilty to possessing with intent to distribute more than 50 grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). The district court[1] calculated an advisory Guidelines range of 108-135 months; granted the government's motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) and reduced Rosario's total offense level by 2, making his Guidelines range 87-108 months; and sentenced Rosario to 96 months in prison and 5 years of supervised release. On appeal, Rosario's counsel has filed a brief under Anders v.

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

California, 386 U.S. 738 (1967), seeking to withdraw and arguing that Rosario should not have been assessed a sentencing enhancement for reckless conduct in the course of fleeing, and that Rosario's sentence is unreasonable.

We conclude that Rosario waived any challenge to the Guidelines calculations when he withdrew his objections to the presentence report at the sentencing hearing. See United States v. Thompson, 289 F.3d 524, 526-27 (8th Cir. 2002) (declining to review findings related to sentencing enhancement, even for plain error, where defendant's counsel withdrew objections at sentencing). We also conclude that Rosario's sentence is not unreasonable. See Gall v. United States, 128 S. Ct. 586, 597 (2007) (appellate court must review sentence under abuse-of-discretion standard whether sentence imposed is inside or outside Guidelines range); United States v. Watson, 480 F.3d 1175, 1177 (8th Cir.) (listing circumstances where sentencing court abuses its discretion, resulting in unreasonable sentence), cert. denied, 128 S. Ct. 305 (2007); see also United States v. Berni, 439 F.3d 990, 992-93 (8th Cir. 2006) (per curiam) (concluding that U.S.S.G. § 5K1.1 departure does not shield overall sentence from reasonableness review under advisory Guidelines).

Finally, after reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel leave to withdraw, and we affirm.

_____