# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3756

_____

United States of America,

Appellee,

v.

Deon Leshawn Holmes, also known as
Green Eyes, also known as Deon
Lashawn Holmes,

Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* District of Minnesota.
\*
\* [UNPUBLISHED]
\*
\*
\*

_____

Submitted: July 15, 2010
Filed: July 20, 2010

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Deon Holmes pleaded guilty to conspiring to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The district court[1] departed below the Guidelines imprisonment range of 151-188 months and the 10-year statutory minimum to impose a sentence of

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

108 months in prison.  On appeal, Holmes's counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), suggesting that the sentence should have been lower.

We find no abuse of discretion, as the district court correctly calculated the Guidelines range, granted the government's motion for downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), and explained the resulting sentence. <u>See</u> <u>United States v. Berni</u>, 439 F.3d 990, 992-93 (8th Cir. 2006) (per curiam) (reviewing sentence involving § 5K1.1 downward departure for reasonableness using abuse-of-discretion standard; sentence was reasonable where court correctly calculated Guidelines range, permissibly applied § 5K1.1 departure, and considered resulting adjusted range and 18 U.S.C. § 3553(a) factors); <u>see also</u> <u>United States v. Haack</u>, 403 F.3d 997, 1002-03 (8th Cir. 2005) (district court must first calculate appropriate advisory Guidelines range, then consider whether traditional departures apply, and then consider § 3553(a) factors in deciding whether to vary).  Having reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues for review.  Accordingly, we affirm, and we grant counsel leave to withdraw.

_____