# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1495

———————

United States of America,           *
                                         *

        Appellee,            *

                                    *    Appeal from the United States

    v.                             *    District Court for the Western

                                    *    District of Arkansas.

Rigoberto Chavez-Cuevas,     *

                                    *    [UNPUBLISHED]

        Appellant.         *

———————

Submitted: July 14, 2011
Filed: July 26, 2011(Corrected July 27, 2011)

———————

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.


     Rigoberto Chavez-Cuevas appeals the sentence the district court[1] imposed after he pled guilty to conspiring to distribute more than 50 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), b(1)(B)(viii), and 846. Counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

—————————————————

    [1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

We conclude that the district court did not commit any significant procedural error in sentencing Chavez-Cuevas, and imposed a substantively reasonable sentence. See Gall v. United States, 552 U.S. 38, 51 (2007) (in reviewing sentence, appellate court first ensures that district court committed no significant procedural error, and then considers substantive reasonableness of the sentence under abuse-of-discretion standard; if sentence is within Guidelines range, appellate court may apply presumption of reasonableness); United States v. Berni, 439 F.3d 990, 992-93 (8th Cir. 2006) (per curiam) (reviewing sentence involving U.S.S.G. § 5K1.1 downward departure for reasonableness using abuse-of-discretion standard; sentence was reasonable where court correctly calculated Guidelines range, permissibly applied § 5K1.1 departure, and considered resulting adjusted range and 18 U.S.C. § 3553(a) factors); United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (describing ways in which court might abuse its discretion at sentencing).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____