NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1919
_____

UNITED STATES OF AMERICA

v.

ARNELL A. MONROE,
a/k/a Jigga, a/k/a Andre Duckett

Arnell A. Monroe,
                              Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 4-13-cr-00258-002)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 6, 2015

Before:  FUENTES, JORDAN, and VANASKIE, *Circuit Judges*.

(Filed: December 11, 2015)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Arnell Monroe asks us to reverse an order of the United States District Court for the Middle District of Pennsylvania sentencing him to 210 months' imprisonment. That sentence falls at the bottom of the applicable guidelines range and within a range that he stipulated in his plea agreement would be reasonable under the circumstances of his case. He now challenges that sentence as substantively unreasonable. We will affirm.

## I. BACKGROUND

Monroe pled guilty to conspiracy to possess with the intent to distribute 100 grams or more of heroin and 28 grams or more of crack cocaine, in violation of 21 U.S.C. § 846. His plea agreement included a binding sentencing provision, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), for a sentence of between 120 to 240 months. The agreement also stipulated that any sentence within that range would be "a reasonable sentence under the facts and circumstances of this case." (App. at 8a.) During the change of plea hearing, after the government summarized the terms of the plea – including the binding sentencing range and the parties' stipulation of reasonableness – Monroe agreed that it was an accurate summary of the agreement.

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR") that calculated Monroe's sentencing range under the United States Sentencing Guidelines. In making that calculation, the PSR applied the career offender enhancement in U.S.S.G. § 4B1.1 to Monroe's offense, by virtue of his prior felony convictions for controlled substance offenses. By operation of that enhancement, Monroe's offense level was increased eight levels, while his criminal history category

2

was unaffected (because his criminal record already placed him in the highest possible category). With the enhancement, Monroe's guidelines range was calculated to be 210 to 262 months.[1]

At sentencing, Monroe did not object to his career offender designation, nor did he disagree with the PSR's guidelines calculation. Neither party moved for a departure from the guidelines. The District Court adopted the PSR's factual findings and guidelines calculation, agreeing that the proper range was 210 to 262 months. The District Court then heard argument as to the appropriate sentence. Monroe's attorney sought a 120-month sentence – the bottom of the range contemplated in the binding plea agreement. Despite conceding that the career offender designation applied to Monroe, he argued that its application was "overstated" because Monroe's predicate convictions were for "low level, street level sales of the narcotics that he was distributing." (App. at 43a.) He urged the District Court to consider Monroe's unenhanced guidelines in crafting its sentence, rather than the enhanced career offender guidelines. The government sought a 240-month sentence, the longest sentence contemplated in the plea agreement.

The District Court formally accepted the binding plea agreement and proceeded to consider the factors relevant to sentencing, as set forth at 18 U.S.C. § 3553(a). The Court noted that Monroe entered the drug distribution conspiracy "the same month that [he] was released from his parole on his previous conviction for dealing cocaine" and that he "has a fairly lengthy criminal history, which spans most of his adult life." (App. at 57a-

---

[1] Without the enhancement, Monroe's hypothetical sentencing guidelines would have been 100 to 125 months.

58a.)  In considering the need for the sentence imposed, the Court recognized the relative seriousness of the offense as part of "a large conspiracy to distribute crack cocaine and heroin" and the statutory maximum sentence of 40 years.  (App. at 60a.)  The Court emphasized that "a lengthy sentence is needed to protect the public from further crimes of the defendant" and "to deter such behavior in the future," pointing to the fact that "Monroe has without fail, without fail, continued his criminal behavior after being released from prison."  (App. at 60a.)  The Court then sentenced Monroe to 210 months' incarceration.  This timely appeal followed.

## II.    DISCUSSION[2]

Monroe argues that the District Court abused its discretion in imposing his sentence.  We review sentencing decisions in two steps.  *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).  First, we scrutinize the decision for procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence … ."  *United States v. Wise*, 515 F.3d 207, 217 (3d. Cir. 2008) (internal quotation marks omitted).  If there is no procedural defect, we next review the sentence for substantive reasonableness.  At that step, we must affirm the sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."  *Tomko*, 562 F.3d at 568.  This

---

[2] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231.  We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

standard "recognize[s] that reasonableness is a range, not a point." *Wise*, 515 F.3d at 218 (internal quotation marks omitted). Thus, "[a]s long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." *Id*. "The abuse-of-discretion standard applies to both our procedural and substantive reasonableness inquiries." *Tomko*, 562 F.3d at 567. As the party challenging the sentence, Monroe has the burden of showing unreasonableness. *Id*.

Monroe claims that his 210-month sentence "is substantively unreasonable because it is far greater than necessary to accomplish the district court's desire of deterring [him] from future criminal activity." (Opening Br. at 8.) Monroe further argues that, although the career offender enhancement "technically" applied to him, the District Court erred in not at least considering "the guidelines without application of the career offender classification." (Opening Br. at 11.) We detect no error in the sentencing.

Although Monroe chiefly contends that his sentence was substantively unreasonable, his argument relating to the District Court's failure to consider his unenhanced guidelines obliquely alleges that the Court's sentencing procedure was somehow improper. Any such contention is incorrect. The District Court followed well-established sentencing procedure, which requires the court first to calculate a defendant's guidelines range, then rule on any motions for departure from the guidelines and explain any decisions to depart, and, finally, exercise its discretion in considering the § 3553(a) factors and selecting a sentence. *Tomko*, 562 F.3d at 567. The record shows that the District Court properly calculated Monroe's advisory guidelines range of 210 to 262

5

months.  Monroe did not (and still does not) dispute that calculation and never moved for a departure.  Finally, the District Court engaged in "rational and meaningful consideration" of all of the factors enumerated in § 3553(a) in crafting its sentence. *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007).  In particular, the Court took into account the seriousness of the drug distribution conspiracy and Monroe's criminal history, emphasizing his repeated and immediate recidivism after penalties for his prior drug-related offenses.

Contrary to Monroe's argument, the District Court had no obligation to consider the unenhanced (and thus inapplicable) guidelines that only would have applied if Monroe were not designated a career offender by virtue of his criminal history.  "[T]he *correct* calculation of the applicable Guidelines range remains an important procedural requirement."  *United States v. Langford*, 516 F.3d 205, 211 (3d Cir. 2008) (emphasis added).  Correct calculation of the guidelines "includes the application of any sentencing enhancements," *United States v. Wright*, 642 F.3d 148, 152 (3d Cir. 2011), such as the career offender provision.  *See United States v. Berni*, 439 F.3d 990, 992 (8th Cir. 2006); *United States v. Gibson*, 434 F.3d 1234, 1238 (11th Cir. 2006).  There is nothing unreasonable, either procedurally or substantively, in considering only the correct guidelines that actually apply to a defendant's case.  A district court need not consider a range that would have applied were the defendant a different person with a more limited criminal history, or if he had committed his crime in a different, less serious way.  Here, the District Court did not abuse its discretion by foregoing consideration of a

counterfactual guidelines range that would only have applied under a different set of circumstances.

Having detected no flaw in the District Court's sentencing procedure, we next consider the substantive reasonableness of the sentence. In his plea agreement, Monroe stipulated that any sentence within the contemplated range (which includes the 210-month sentence ultimately imposed) would constitute "a reasonable sentence under the facts and circumstances of this case." (App. at 8a.) In imposing a sentence within that range, the District Court agreed with Monroe's stipulation and acted within the terms of the agreement. *See United States v. Bernard*, 373 F.3d 339, 345 (3d Cir. 2004) ("It is axiomatic under Rule 11 that once a court accepts such an agreement, it must be enforced at sentencing."). And, as we have previously emphasized, sentences falling within the advisory guidelines range are more likely to be reasonable than those falling outside of that range. *United States v. Olfano*, 503 F.3d 240, 245 (3d Cir. 2007). Monroe's sentence not only falls within his guidelines range, it is at the bottom of it. In crafting the sentence, the District Court considered the empirical and policy-based arguments raised by Monroe, the very same points that he presses here. It simply did not share his conclusion about the appropriate length of sentence.[3] Given the nature of the offense and

---

[3] For example, Monroe cites multiple studies related to recidivism rates at different sentence lengths in arguing that "there is no evidence that the career offender guideline provides a deterrent effect." (Opening Br. at 13.) Such a policy argument, regardless of its merit, does not provide a basis for us to disturb the District Court's sentence. Although "sentencing courts *may* disagree with the Guidelines based on policy," *United States v. Thielemann*, 575 F.3d 265, 272 n.12 (3d Cir. 2009) (emphasis added), "a district court is not *required* to engage in 'independent analysis' of the

Monroe's criminal history, which the Court discussed in detail during sentencing, the determination that a downward variance from the guidelines was not warranted was in substance clearly reasonable.

On this record – including a detailed consideration of the § 3553(a) factors, a sentence within a range contemplated by a binding plea, a stipulation to the reasonableness of any sentence within that range, and, ultimately, a sentence at the very bottom of the applicable guidelines range – we cannot say that the District Court abused its discretion in imposing the sentence.

## III.    CONCLUSION

For the foregoing reasons, we will affirm the sentence imposed by the District Court.

---

empirical justifications and deliberative undertakings that led to a particular Guideline," *United States v. Lopez-Reyes*, 589 F.3d 667, 671 (3d Cir. 2009) (emphasis added).