# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2336

_____

United States of America,        *
        *
      Appellee,         *
        *   Appeal from the United States
    v.             *   District Court for the
        *   District of Minnesota.
Edward Moore, also known as    *
Andrew Moore, also known as Mo,  *
        *
      Appellant.      *

_____

Submitted: April 9, 2007
Filed: April 16, 2007

_____

Before MELLOY, BOWMAN, and GRUENDER, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Edward Moore entered into a plea agreement in which he agreed to plead guilty to unlawfully possessing with the intent to distribute approximately four grams of cocaine base, see 21 U.S.C. § 841(a)(1), (b)(1)(C). The District Court[1] conducted a plea hearing and reviewed the plea agreement with Moore. After testifying that he understood the agreement, Moore pleaded guilty. Moore subsequently filed a pro se motion to withdraw his guilty plea claiming that he was misled or coerced by his

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

attorney into pleading guilty.  At sentencing, the District Court found that Moore could not show "a fair and just reason" to withdraw his plea and denied the motion. Fed. R. Crim. P. 11(d)(2)(B).  The District Court then calculated an advisory guidelines range of 151 to 188 months of imprisonment based in part on a finding that Moore qualified as a career offender.  See U.S. Sentencing Guidelines Manual § 4B1.1 (2005).  After reviewing the 18 U.S.C. § 3553(a) factors, the District Court imposed a sentence of 151 months of imprisonment.

On appeal, Moore argues that: (1) the District Court abused its discretion by refusing to allow Moore to withdraw his guilty plea; (2) his sentence is unreasonable on account of the disparate impact of the career-offender provision on black defendants; (3) his sentence is unreasonable on account of an unwarranted sentencing disparity resulting from the 100:1 crack/powder cocaine ratio; and (4) the refusal of Congress to eliminate the crack/powder ratio violates his equal-protection rights.[2]  We reject each of Moore's arguments.

A defendant may withdraw an accepted guilty plea before sentencing if the defendant shows "a fair and just reason" for withdrawal, Fed. R. Crim. P. 11(d)(2)(B), but a guilty plea should not "be set aside lightly," United States v. Prior, 107 F.3d 654,

_____

[2]Moore, who is represented by counsel, has also filed a supplemental pro se brief that reiterates the argument concerning his guilty plea, claims that his prosecution constituted double jeopardy, and asserts that his counsel was ineffective. It is typically not our practice to consider pro se arguments where the defendant is represented by counsel, although we granted Moore permission to file a pro se brief. See United States v. Surrat, 172 F.3d 559, 565 (8th Cir.), cert. denied, 528 U.S. 910 (1990).  We note that a double-jeopardy claim may not be raised for the first time on appeal, United States v. Goodwin, 72 F.3d 88, 91 (8th Cir. 1995), and that a claim of ineffective assistance of counsel is not ordinarily considered on direct appeal, United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997).  Having said this much, we see no reason to deviate any further in this case from our usual practice of not considering pro se arguments where the defendant is represented by counsel.

657 (8th Cir.), cert. denied, 522 U.S. 824 (1997). A district court's denial of a motion to withdraw a guilty plea is reviewed for an abuse of discretion. United States v. Abdullah, 947 F.2d 306, 311 (8th Cir. 1991), cert. denied, 504 U.S. 921 (1992). Moore contends that because he did not fully understand the sentencing ramifications when considering his plea agreement, the District Court should have allowed him to withdraw his plea.

Moore's contention is belied by his plea-hearing testimony. Moore testified under oath that he understood: that he did not have to plead guilty; that he had the opportunity to consult with counsel; the contents of his plea agreement; the applicable statutory penalties, including a potential twenty-year term of imprisonment; the applicable guidelines provisions, including that he could be subject to the career-offender provision and a guidelines range of 151 to 188 months; and the advisory nature of the guidelines. Because Moore was adequately advised of the ramifications of his plea and he testified that he understood these ramifications, we hold that the District Court did not abuse its discretion in refusing to grant Moore's motion to withdraw his plea. See United States v. Hoelscher, 914 F.2d 1527, 1544 (8th Cir. 1990) (finding no basis to set aside guilty plea where the court explained the applicable sentencing statutes and guidelines to the defendant), cert. denied, 498 U.S. 1090, and cert. denied, 500 U.S. 943 (1991).

We review sentences for reasonableness. United States v. Tobacco, 428 F.3d 1148, 1151 (8th Cir. 2005). A sentence within the properly calculated guidelines range is presumptively reasonable. Id. Moore argues that his sentence is unreasonable because a U.S. Sentencing Commission evaluation indicates that the career-offender provision results in harsher sentences for black defendants, thereby frustrating the goals of § 3553(a), including the need to avoid unwarranted sentencing disparities.

Moore's argument is misplaced. A district court must determine whether to apply the career-offender provision in order to calculate the applicable guidelines range, which, in turn, is necessary to properly apply the § 3553(a) factors. United States v. Berni, 439 F.3d 990, 992 (8th Cir.) (per curiam), cert. denied, 126 S. Ct. 2946 (2006). In this case, the District Court properly determined that Moore qualified as a career offender (which Moore does not contest), properly calculated the advisory guidelines range, specifically reviewed the § 3553(a) factors, considered whether to grant a variance, and imposed a sentence at the bottom of the guidelines range. The District Court's thorough consideration of Moore's case convinces us that the sentence imposed was reasonable.

We do not address either of Moore's arguments concerning the crack/powder ratio because it did not affect Moore's sentence. Once the District Court determined that Moore was a career offender, it determined Moore's base-offense level by reference to the applicable statutory maximum penalty under 21 U.S.C. § 841(b)(1)(C). See U.S. Sentencing Guidelines Manual § 4B1.1(b) (2005). Since the statutory maximum was twenty years of imprisonment, Moore's base-offense level was 32. See id. Under the otherwise applicable Drug Quantity Table found in § 2D1.1(c), which incorporates the ratio, see United States v. Spears, 469 F.3d 1166, 1171 (8th Cir. 2006), Moore's base-offense level would have been 30. But according to § 4B1.1(b), the higher base-offense level of 32 applied. Therefore, because the crack/powder ratio was not ultimately used in calculating Moore's sentence, the arguments concerning the ratio are not relevant to his case.

For the foregoing reasons, we affirm the judgment of the District Court.

_____