# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3569

_____

United States of America,

      Appellee,

v.

Mayra G. Carrillo, also known
as Myra E. Carillo, also known as
Mayra G. Ferman DeRomero, also
known as Myra Carello, also known
as Mayra Carrello, also known as
Mayra G. Ferman Moreno,

      Appellant.

Appeal from the United States
District Court for the Western
District of Missouri.

[UNPUBLISHED]

_____

Submitted: August 10, 2007
Filed: August 27, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Mayra Carrillo appeals the sentence the district court[1] imposed after she pleaded guilty--pursuant to a written plea agreement--to conspiring to possess marijuana with

_____

[1] The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

intent to distribute, in violation of 21 U.S.C. § 846 (Count I); and possessing a firearm in relation to a drug-trafficking conspiracy, and aiding and abetting the use of a firearm, in violation of 18 U.S.C. §§ 924(c) and 2 (Count II). After denying Carrillo's motion to withdraw her guilty plea to Count II and to withdraw her agreement to a forfeiture of $24,598 in seized drug proceeds, the district court sentenced Carrillo to the statutory minimum of 5 years in prison on Count I and a consecutive 5-year term on Count II, and ordered the forfeiture. Carrillo's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court should have granted Carrillo's motion and that she was denied effective assistance of counsel.

We conclude that the district court did not abuse its discretion in refusing to allow Carrillo to withdraw her guilty plea to Count II and her agreement to the forfeiture. Through an interpreter, Carrillo affirmed unequivocally at numerous points during the plea hearing that she understood and knowingly signed the plea agreement--which included a complete description of the charges and penalties associated with Count II, and her specific agreement to the forfeiture--and repeatedly expressed her understanding of the charges and the implications of pleading guilty to Count II as the district court explained them at the hearing. See Fed. R. Crim. P. 11(d)(2)(B) (defendant may withdraw plea if she can show fair and just reason for requesting withdrawal); United States v. Moore, 481 F.3d 1113, 1114 (8th Cir. 2007) (abuse-of-discretion standard; guilty plea should not be set aside lightly; affirming district court's denial of request to withdraw plea and rejecting defendant's claim that he did not fully understand ramifications of plea where district court fully advised him of those ramifications at plea hearing and defendant testified under oath that he understood them), petition for cert. filed, (U.S. May 25, 2007) (No. 06-11595). Further, the consecutive 5-year sentence on Count II was the mandatory minimum. See 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii) (person who possesses firearm during any crime of violence or drug-trafficking crime shall be sentenced to minimum of 5 years in prison; term of imprisonment shall not run concurrently with any other terms of

imprisonment imposed for crime of violence or drug-trafficking crime during which firearm was possessed). Finally, any ineffective-assistance claim should be raised in a 28 U.S.C. § 2255 proceeding rather than on direct appeal. <u>See</u> <u>United States v. Hughes</u>, 330 F.3d 1068, 1069 (8th Cir. 2003).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no non-frivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm the sentence. In addition, we deny Carrillo's pending motion for appointment of new counsel.

_____