# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3050

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Anthony Dion Clay, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: April 15, 2008
Filed: May 7, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

MURPHY, Circuit Judge.

Anthony Dion Clay pled guilty to distribution of more than 5 grams of crack cocaine after having previously been convicted of felony drug offenses, and the district court[1] sentenced him as a career offender to 262 months, a sentence at the bottom of the applicable guideline range. He argues on his direct appeal from the judgment and sentence that the district court should have granted his motion for a downward variance based on the unfair discrepancy between crack and powder cocaine sentences or alternatively, that he was entitled to a lower sentence based on

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

amendments to the sentencing guidelines for crack offenses which were then pending but have now been enacted and apply retroactively. See USSG. app. C, amend. 706 & 711 (Supp. 2007); USSG app. C, amend. 713 (Supp. 2008).

The district court's application of the advisory sentencing guidelines is reviewed de novo. See United States v. Burnette, 518 F.3d 942, 945 (8th Cir. 2008). We review the sentence the court imposed for abuse of discretion, evaluating whether any significant procedural error occurred and considering the substantive reasonableness of the sentence. See Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Whiting, No. 07-2599, 2008 WL 961171 (8th Cir. April 10, 2008). We may presume that a sentence resulting from a proper application of the advisory guidelines is reasonable. See Rita v. United States, 127 S. Ct. 2456, 2462-63 (2007); see also United States v. Miles, 499 F.3d 906, 909 (8th Cir. 2007) (sentence within properly calculated guideline range presumptively reasonable).

At the sentencing hearing the district court stated that in determining Clay's sentence it had considered all the relevant factors under 18 U.S.C. § 3553(a) and that the downward variance Clay requested based on the sentencing disparity between crack and powder cocaine would have no effect on the career offender provision which determined his guideline range. At sentencing the drug quantity for which Clay was responsible (736.72 grams of crack) produced a base offense level of 36 under the drug quantity table in USSG § 2D1.1 (under the new amendments it would have been 34). Clay's offense level under the career offender provision in USSG § 4B1.1 was 37, however, and that level applied because it was "greater than the offense level otherwise applicable." USSG § 4B1.1(b).[2] After subtracting three levels for acceptance of responsibility, the district court found that Clay's total offense level was

_____

[2]Thus, even though Clay's base offense level for drug quantity would be lowered to 34 under the amendments, his guideline range would still be driven by his career offender offense level of 37.

34 and his criminal history category as a career offender was VI, leading to a guideline range of 262–327 months.

Although the district court was authorized to consider the disparity between crack and powder cocaine sentences, it was not required to do so. See Kimbrough v. United States, 128 S. Ct. 558, 575 (2007); United States v. Johnson, 517 F.3d 1020, 1024 (8th Cir. 2008); United States v. Roberson, 517 F.3d 990, 995 (8th Cir. 2008). Clay is also not eligible for a sentence reduction based on the amendments to the crack sentencing guideline because his sentencing range was determined by the career offender provision in USSG § 4B1.1. See United States v. Tingle, No. 08-1777, (8th Cir. May 1, 2008) (per curiam). Although the recent amendments to the sentencing guidelines lowered the offense levels associated with crack in the drug quantity table in USSG § 2D1.1, they did not change the career offender provision in § 4B1.1 and thus would not lower Clay's sentencing range. See id. at 2 (Amendment 706 does not apply retroactively if it does not lower defendant's applicable guideline range); see also USSG § 1B1.10(a)(2)(B) (Supp. Mar. 3 2008); cf. United States v. Moore, 481 F.3d 1113, 1115 (8th Cir. 2007) (arguments concerning crack/powder ratio are irrelevant if the ratio had no impact on career offender's sentence).

We conclude that the district court did not abuse its discretion in denying the downward variance requested by Clay and that the sentence imposed was not unreasonable. Accordingly, we affirm the judgment of the district court.

_____