NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 19, 2008
Decided December 1, 2008

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-2269

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 06-CR-174-C-01 |
| MELVIN D. JACKSON, *Defendant-Appellant.* | Barbara B. Crabb, *Chief Judge.* |

**O R D E R**

Melvin Jackson pleaded guilty to distributing crack, *see* 21 U.S.C. § 841(a)(1), and the district court sentenced him as a career offender to 188 months' imprisonment. On appeal Jackson asks that we vacate his sentence and order a remand so that the district court can reconsider his sentence in light of *Kimbrough v. United States*, 128 S. Ct. 558, 574 (2007). Because Jackson was sentenced as a career offender, however, *Kimbrough* has no effect on his sentence. We therefore affirm Jackson's sentence.

Jackson, using the alias "Shane," arranged to sell two ounces of crack to an undercover police officer for $1,800. Jackson and his friend Gregory Burks met the officer at

the agreed location and told him to follow them to an IHOP. At the IHOP, Burks handed Jackson a package, which Jackson passed along to the officer. Testing confirmed that the package contained roughly 47 grams of crack.

That quantity triggered a statutory maximum of 40 years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iii). At sentencing in May 2007, the district court concluded—and defense counsel conceded—that Jackson qualified as a career offender because he was 22 when he committed this drug crime and had prior felony convictions for forcible robbery and substantial battery. The court thus applied a base offense level of 34 under U.S.S.G. § 4B1.1(B). With a three-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, Jackson's total offense level of 31 combined with his criminal history category of VI yielded an imprisonment range of 188 to 235 months. Jackson argued that an even lower sentence would be appropriate and asked the court to depart below the career offender range, but the court disagreed:

> You're young and impulsive and very dangerous and I really can't agree with [defense counsel], as eloquently as he presented his argument, but I can't agree with him that you're somebody that should have the benefit of lower guidelines. I think you're a career offender and you very much deserve that characterization.

The court therefore imposed a term at the low end of that range after considering Jackson's offense, history, and characteristics. *See* 18 U.S.C. § 3553(a).

On appeal Jackson makes a "*Kimbrough*-like" argument: he argues that the Supreme Court's reasoning in *Kimbrough* should be extended beyond the guidelines to statutory penalties that turn on whether the cocaine at issue is powder or crack. Jackson acknowledges that he did not raise this argument in the district court, so our review is for plain error. *See United States v. Taylor*, 520 F.3d 746, 748-49 (7th Cir. 2008). Jackson correctly notes that if he had sold powder cocaine instead of crack, the statutory maximum sentence, and therefore his base offense level and sentencing range, would have been lower. So, Jackson proposes, the "intermediate step" of determining the appropriate statutory maximum should also be subject to the same discretion that a sentencing court has under *Kimbrough* to reject the default ratio of powder to crack.

However, as Jackson's attorney conceded at oral argument, this is just new packaging for a recycled argument. In a typical case requiring remand after *Kimbrough*, the defendant's base offense level is set by U.S.S.G. § 2D1.1, and so the sentencing disparity between crack and powder cocaine offenses arises from the drug-quantity table contained in the guidelines. *See, e.g., United States v. Hearn*, 534 F.3d 706, 714-15 (7th Cir. 2008)

(remanding and observing that "the 100:1 ratio is not a statutory dictate" but rather "a judgment of the Sentencing Commission."). In contrast, Jackson was sentenced under U.S.S.G. § 4B1.1, which in turn relies on statutory maximums to establish a defendant's base offense level. Thus, although Jackson's sentencing range was higher than if he had been caught with an identical amount of powder cocaine, the disparity in his case stems not "from the guideline itself but from the statutory maximum that the guideline referenced." *United States v. Liddell*, No. 07-3373, 2008 WL 4149750, at *4 (7th Cir. Sept. 10, 2008). And "[w]hile the sentencing guidelines may be only advisory for district judges, congressional legislation is not." *United States v. Harris*, 536 F.3d 798, 803 (7th Cir. 2008). *Kimbrough* therefore has no effect on Jackson's statutory maximum or his guidelines range. *See Harris*, 536 F.3d at 813 (7th Cir. 2008); *see also United States v. Clanton*, 538 F.3d 652, 660 (7th Cir. 2008); *United States v. Clay*, 524 F.3d 877, 878-79 (8th Cir. 2008); *United States v. Crawford*, 520 F.3d 1072, 1075 (9th Cir. 2008); *United States v. Jimenez*, 512 F.3d 1, 8-9 (1st Cir. 2007).

There is one caveat. We have also recently considered whether sentencing courts may use their discretion under *Kimbrough* not to disregard the career-offender guideline, but to issue a below-guidelines sentence after correctly applying the career-offender penalty. *See Liddell*, No. 07-3373, at *4. In *Liddell*, we concluded that they can. *Id.* at *6 (observing that career-offender guidelines are advisory and that after *Kimbrough* district courts may consider crack/powder disparity when resentencing career offenders). In the district court, Jackson anticipated *Liddell* by asking the court to apply § 4B1.1 "on paper" and then exercise its discretion under *Booker* to go below the career-offender range and sentence him as if he was not a career offender. Jackson has not pursued this argument on appeal, however, and in any event the district court concluded that a below-guidelines sentence would be inappropriate. Even after *Liddell* that conclusion is not unreasonable. *See United States v. Otero*, 495 F.3d 393, 401-02 (holding that a sentence within a properly calculated guidelines range is presumptively reasonable).

AFFIRMED.