**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4589**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

DEANTE DRAKE,

              Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.  Irene M. Keeley,
District Judge.  (1:07-cr-00053-IMK-JSK-1)

Submitted:  February 27, 2009      Decided:  March 16, 2009

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Jane Moran, JANE MORAN LAW OFFICE, Williamson, West Virginia,
for Appellant.  Shawn Angus Morgan, Assistant United States
Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deante Drake appeals the 292-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841, 846 (2006). The Government has moved to dismiss Drake's appeal based upon a waiver of appellate rights in his plea agreement.

We conclude that Drake's appeal of his sentence is barred by his waiver of appellate rights, except for his claim that his sentence was impermissibly based upon race. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Accordingly, we grant the motion to dismiss in part and dismiss the appeal of the claims not based on race. We also deny the motion to dismiss in part on the ground that Drake's claim of racial bias falls outside the scope of the waiver provision and affirm the sentence.

Turning to the non-waived issue, Drake, an African American, contends that his career offender sentence was unreasonable, both because his Caucasian co-defendants received lighter sentences and because a study by the United States Sentencing Commission found that the career offender provision has a disparate impact on black males. We find Drake's arguments unpersuasive.

A district court must engage in a multi-step process at sentencing. First, it must calculate the appropriate advisory Guidelines range. It then must consider the resulting range in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006) and determine an appropriate sentence. Gall v. United States, 128 S. Ct. 586, 596 (2007). Courts of appeal review a sentence for reasonableness, applying an abuse of discretion standard. Id. at 597; United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). In conducting this review, this court must first determine that the district court did not commit any

> significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range.

Gall, 128 S. Ct. at 597. We then consider the substantive reasonableness of the sentence, and may apply a presumption of reasonableness to a within-Guidelines sentence. Go, 517 F.3d at 218; see Gall, 128 S. Ct. at 597.

It is undisputed that Drake qualified as a career offender and that the district court properly calculated the advisory Guidelines range. The district court adequately contemplated the § 3553(a) factors, the role Drake played in the offense in comparison to that of his co-defendants, and

3

considered whether to impose a variance sentence before ultimately deciding to sentence Drake at the bottom of the Guidelines range. We find no evidence to support Drake's claim that his sentence impermissibly was based on race. See United States v. Moore, 481 F.3d 1113, 1115 (8th Cir. 2007) (rejecting challenge to career offender sentence based on racially disparate impact of career offender provision).

For these reasons, we dismiss in part and affirm in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

4