# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————

No. 08-2797

————

United States of America,       *
                               *

        Plaintiff – Appellee,    *

                               *   Appeal from the United States

     v.                       *   District Court for the

                               *   Eastern District of Arkansas.

Derrick Donnell Caffey,      *

                               *   [UNPUBLISHED]

        Defendant – Appellant.   *

————

Submitted: May 11, 2009
Filed: May 29, 2009

————

Before WOLLMAN, MURPHY, and JOHN R. GIBSON, Circuit Judges.

————

PER CURIAM.

Derrick Donnell Caffey pled guilty to one count of conspiring to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846, in exchange for the dismissal of additional drug and firearm related charges. The district court[1] sentenced Caffey to 262 months imprisonment. Caffey appeals, challenging his sentence as

---

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

unreasonable and arguing that the district court erred by increasing his base offense level for relevant conduct.[2] Caffey also contends that the court failed to give meaningful consideration to all the 18 U.S.C. § 3553(a) sentencing factors and to articulate the reasons for his sentence.

The district court found that Caffey's offense level was 34 and that his criminal history category as a career offender was VI, leading to an advisory guideline range of 262 to 327 months. After hearing from counsel and Caffey, the district court sentenced Caffey at the low end of the guideline range to 262 months. In calculating Caffey's guideline range, the district court did not err by assigning a four level increase based on Caffey's possession of a firearm and his career offender enhancement. The record reflects that the district court listened to each of Caffey's arguments and simply found the circumstances insufficient to warrant a sentence lower than the guideline range. The district court also properly considered the 18 U.S.C. § 3553(a) sentencing factors and sufficiently articulated the basis for its sentence. We review the reasonableness of a sentence imposed by the district court for abuse of discretion. United States v. Clay, 524 F.3d 877, 878 (8th Cir. 2008). The record indicates that the district court committed no procedural error and imposed a reasonable sentence.

Accordingly, the judgment of the district court is affirmed.

––––––––––––––––––––––––––––

[2]The United States asserts that the court lacks jurisdiction over Caffey's appeal because it was untimely filed. A motion for extension of time to file the notice of appeal was granted by the district court, however.