# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3323

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Chenelle Nicole Lindo, | * | |
| | * | [UNPUBLISHED] |
| Defendant - Appellant. | * | |

_____

Submitted: May 15, 2009
Filed: June 19, 2009

_____

Before LOKEN, Chief Judge, EBEL[1] and CLEVENGER,[2] Circuit Judges.

_____

CLEVENGER, Circuit Judge.

Chenelle Nicole Lindo pleaded guilty to conspiring to distribute more than 50 grams of crack cocaine. Based on her prior drug conviction, she was subject to the twenty-year statutory minimum sentence under 21 U.S.C. § 841. However, Lindo provided the government with substantial assistance regarding other dealers, and the

_____

[1]The Honorable David M. Ebel, United States Circuit Judge for the Court of Appeals for the Tenth Circuit, sitting by designation.

[2]The Honorable Raymond C. Clevenger, III, United States Circuit Judge for the Court of Appeals for the Federal Circuit, sitting by designation.

government filed a motion for downward departure of the statutory minimum of no more than 25 percent pursuant to 18 U.S.C. § 3553(e). The government's motion specifically stated that it was "not making a motion pursuant to Guidelines Sec. 5K1.1 for a departure below the Guidelines range that would exist in the absence of the 20-year mandatory minimum," which in this case was 151 to 188 months. The district court,[3] however, determined that a steeper departure was warranted and sentenced defendant to 144 months. We affirm.

On appeal, Lindo argues that her sentence, a 40 percent reduction from the twenty-year statutory minimum, penalizes her because the amount of assistance she could give was limited by her role in the scheme. She asserts that the court should be required to use a subjective standard for assistance—e.g. did she give all the information she had—because an objective standard rewards seasoned criminals and penalizes less experienced ones.

Because the district court's authority to depart from a statutory-minimum sentence is discretionary, an appeals court may not review the extent of such a departure. See United States v. Berni, 439 F.3d 990, 992 (8th Cir. 2006)(per curiam) (noting that "we have recognized the continuing validity of [the statute authorizing limited appellate review of sentences] by refusing to review U.S.S.G. § 5K1.1 departures as a matter separate from our general, overall review for reasonableness"). In addition, Lindo's assertion—that the district must factor in her ability to assist when determining her substantial assistance reduction—finds no support in the law. The statute governing substantial assistance departures, 18 U.S.C § 3553(e), authorizes departures "to reflect a defendant's substantial assistance" and requires that such departures be "in accordance with the guidelines and policy statements issued by the Sentencing Commission." The applicable Sentencing Guideline, in turn, has no

---

[3]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

mandatory considerations, but instead lists reasons that the sentencing court "may include" in its determination.  U.S.S.G. § 5K1.1(a) (emphasis added).  See United States v. Dalton, 404 F.3d 1029, 1033 (8th Cir. 2005) (noting that "the district court is not required to examine each of the listed factors in § 5K1.1 on the record and explain exactly just what weight it gives to each") (internal quotation marks omitted).  There simply is no legal basis upon which this court can fashion the requirement Lindo suggests.

Putting aside the substantial assistance issue, we still review the overall reasonableness of Lindo's sentence.  See United States v. Frokjer, 415 F.3d 865, 875-76 (8th Cir. 2005) (refusing to review the extent of a departure, but conducting a general review for reasonableness).  Lindo does not argue that her sentence, which is 40 percent below the presumptively-reasonable guideline sentence, see United States v. Clay, 524 F.3d 877, 878 (8th Cir. 2008) (citing Rita v. United States, 551 U.S. 338, 355-56 (2007)), is otherwise unreasonable.  We see no reason to conclude that it is and therefore affirm the sentence imposed by the district court.

For these reasons, the judgment of the district court is affirmed.

_____