# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-1887

_____

United States of America

*Plaintiff - Appellee*

v.

Kamel J. Lincoln

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: September 26, 2019
Filed: December 5, 2019
[Unpublished]

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Kamel Lincoln appeals the sentence imposed by the district court[1] following the entry of his guilty plea. Having jurisdiction under 28 U.S.C. § 1291, this Court affirms.

In 2018, Lincoln pled guilty to one count of distribution of five grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). At sentencing, the district court determined that Lincoln qualified for the career offender enhancement under the United States Sentencing Guidelines based on two prior controlled substance convictions. After accounting for the enhancement, the Guidelines range called for a sentence between 188 and 235 months imprisonment. Lincoln requested a downward variance, but the district court declined and sentenced Lincoln to a within-Guidelines range sentence of 188 months imprisonment.

Lincoln argues the district court procedurally erred and imposed a substantively unreasonable sentence. "We review a district court's sentence in two steps: first, we review for significant procedural error; and second, if there is no significant procedural error, we review for substantive reasonableness." United States v. O'Connor, 567 F.3d 395, 397 (8th Cir. 2009).

I.

Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall v. United States, 552 U.S. 38, 51 (2007). Lincoln argues the district court committed procedural error in denying his request for a

---

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

downward variance by failing to recognize its authority to deviate from the Guidelines sentencing range, consider the § 3553(a) factors, and adequately explain the basis for the within-Guidelines range sentence. Because Lincoln did not raise an objection for procedural error below, we review for plain error. United States v. Bain, 586 F.3d 634, 639 (8th Cir. 2009). "To establish plain error, [a defendant] must prove (1) there was error, (2) the error was plain, and (3) the error affected his substantial rights." United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009).

Here, we find no error, plain or otherwise. The sentencing transcript reveals that the district court recognized its authority to vary downward, stating it "could consider a variance[,]" but declined to do so because "the facts and the circumstances of the offense here and under the factors under [§] 3553(a) . . . all require a Guideline sentence here." R. Doc. 103, at 13-14. Further, the district court referred to § 3553(a) and cited Lincoln's criminal history and his disrespect for public safety as the factors that provide the basis for the within-Guidelines sentence. While the district court did not refer to each factor in turn, "there is no requirement that the district court recite every section 3553(a) factor." United States v. Bryant, 606 F.3d 912, 919 (8th Cir. 2010); see also United States v. Gray, 533 F.3d 942, 944 (8th Cir. 2008) ("If a district court references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute." (internal quotation marks omitted)). Because the district court recognized its authority to vary from the Guidelines, considered the § 3553(a) factors, and adequately explained the basis for the sentence, we conclude the district court did not commit procedural error.

II.

"We review a sentence for substantive reasonableness by applying an abuse-of-discretion standard." United States v. Moore, 565 F.3d 435, 437-38 (8th Cir. 2009). We presume substantive reasonableness if the sentence is within the Guidelines range. Rita v. United States, 551 U.S. 338, 347 (2007). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007).

Lincoln's sentence is at the bottom of the Guidelines range and thus presumed reasonable. Nevertheless, Lincoln argues his sentence is substantively unreasonable because the district court failed to properly consider the overstated nature of Lincoln's criminal record. However, the sentencing transcript shows that the district court recognized that Lincoln's predicate offenses supporting the career offender enhancement were street-level drug transactions, and the court did not abuse its discretion in choosing to give more weight to other factors, including Lincoln's recidivism and the risk of harm that the drug transactions posed to the public. The defendant "must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors." United States v. Townsend, 617 F.3d 991, 995 (8th Cir. 2010).

Lincoln also argues his sentence is substantively unreasonable because the district court failed to properly consider the disproportionate effect of the career offender enhancement on African Americans. This Court has previously rejected this exact argument as "misplaced." United States v. Moore, 481 F.3d 1113, 1115 (8th Cir. 2007). At sentencing, a district court need only "determine whether to apply the career-offender provision in order to calculate the applicable guidelines range, which,

in turn, is necessary to properly apply the § 3553(a) factors." Id. The sentencing transcript shows that the district court properly determined that Lincoln qualified for the career offender enhancement and then applied the § 3553(a) factors in determining the sentence. We thus conclude the sentence was not substantively unreasonable.

The judgment is affirmed.

_____