# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1679
_____

United States of America

*Plaintiff - Appellee*

v.

Derrick Donnell Caffey

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: January 13, 2020
Filed: June 5, 2020
[Unpublished]
_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.
_____

PER CURIAM.

In March 2008, Derrick Caffey pleaded guilty to one count of conspiracy to distribute over five grams of cocaine and over fifty grams of cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. At sentencing, the district court determined that Caffey's advisory guidelines sentencing range as a career offender was 262 to 327 months imprisonment and sentenced Caffey to 262

months. We affirmed. United States v. Caffey, 326 F. App'x 417 (8th Cir. 2009). In June 2010, on motion by the government under Federal Rule of Criminal Procedure 35(b), Caffey's sentence was reduced to 210 months. In January 2019, he moved for a sentence reduction under the First Step Act of 2018. Caffey is eligible for First Step Act relief because his "statutory penalties . . . were modified by section 2 or 3 of the Fair Sentencing Act." Pub. L. No. 115-391, § 404(a), 132 Stat. 5194, 5222 (2018). The district court[1] denied the motion without a hearing, and Caffey appeals. We affirm.

Caffey first argues the district court erred in denying his motion without conducting a hearing that Section 404 of the First Step Act requires. This argument is foreclosed by our recent decision in United States v. Williams, 943 F.3d 841, 843 (8th Cir. 2019), where we held that "Section 404 of the First Step Act does not require a hearing." Accord United States v. McDonald, 944 F.3d 769, 772 (8th Cir. 2019). Mandatory resentencing hearings under Section 404 would squander scarce judicial resources, contrary to the Supreme Court's approach to resentencing under 18 U.S.C. § 3582(c)(2). See Dillon v. United States, 560 U.S. 817, 825-28 (2010).

Caffey further argues the district court abused its discretion by failing to give sufficient weight to his post-sentencing rehabilitation, that he has completed anger management and drug treatment programs and educational and vocational courses. The district court acknowledged these achievements. However, applying the sentencing factors in 18 U.S.C. § 3553(a), the court concluded that these positive factors were outweighed by Caffey's long history of drug dealing (he began selling drugs at age twelve and was known as the "King of Crack"), the drug quantities involved and the presence of numerous guns in his current conviction (Caffey sold drugs out of his mother's home with small children present and had his eighteen-year-

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

old nephew help sell a gun to a man who said he would use it to kill someone), his long lack of lawful employment, and his history of gang affiliation.

We agree district courts should consider a defendant's post-sentencing rehabilitation in considering whether to grant a First Step Act sentence reduction. See Pepper v. United States, 562 U.S. 476 (2011). We do not agree the district court abused its discretion by making "only a passing reference" to Caffey's rehabilitation efforts. A district court is *not required* to reduce a sentence based on evidence of rehabilitation. Id. at 505 n.17; see United States v. Tollefson, 853 F.3d 481, 486 (8th Cir.), cert. denied, 138 S. Ct. 232 (2017) The district court noted Caffey's positive progress while in prison but concluded his long criminal history involving guns and drugs, lack of legitimate work history, and previous gang affiliation made the 210-month sentence appropriate to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. The court did not abuse its substantial sentencing discretion by giving greater weight to these sentencing factors than to Caffey's recent rehabilitation efforts.

The judgment of the district court is affirmed.

_____