# United States Court of Appeals
## For the Eighth Circuit
_____

No. 14-1527
_____

United States of America

*Plaintiff - Appellee*

v.

Howard John Aleff, also known as "Jack"; Reena L. Slominski; L&J Wool & Fur

*Defendants - Appellants*
_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen
_____

Submitted: November 11, 2014
Filed: November 20, 2014
_____

Before MURPHY, MELLOY, and BENTON, Circuit Judges.
_____

BENTON, Circuit Judge.

Howard John Aleff and Reena L. Slominski pled guilty to conspiracy to defraud the United States by submitting false applications for loan-deficiency payments in violation of 18 U.S.C. § 286. They were ordered to pay $303,890 in restitution. The United States then sued under the False Claims Act, 31 U.S.C. §§ 3729-33. The

district court[1] granted summary judgment to the United States, ordering Aleff, Slominski, and their business, L&J Fur & Wool, Inc., to pay a $1,376,670 penalty. Aleff and Slominski appeal, arguing that (1) the district court erred in holding that their guilty pleas resolved their FCA liability; (2) the $1.3 million penalty violates the Double Jeopardy Clause; and (3) the $1.3 million penalty is grossly disproportional under the Excessive Fines Clause. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

This court reviews de novo a grant of summary judgment. ***Torgerson v. City of Rochester***, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). Summary judgment is proper when there is no genuine issue of material fact and one party is entitled to judgment as a matter of law. ***Id.*** The district court found that Aleff's and Slominski's guilty pleas established the essential elements of an FCA claim. It also concluded that its finding at sentencing that Slominski acted with "significantly reduced mental capacity" did not negate the preclusive effect of her guilty plea.

Aleff and Slominski argue that their guilty pleas are not preclusive because no issues were actually litigated in the criminal proceeding, citing *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 939 (8th Cir. 2000) (noting collateral estoppel applies when "the disputed issue has actually been litigated and decided"). To the contrary, collateral estoppel "applies equally whether the previous criminal conviction was based on a jury verdict or a plea of guilty." ***Hernandez-Uribe v. United States***, 515 F.2d 20, 22 (8th Cir. 1975). *See also* **31 U.S.C. § 3731(e)** (providing that a final judgment in a criminal proceeding, "whether upon a verdict after trial or *upon a plea of guilty* or nolo contendere, shall estop the defendant from

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding" (emphasis added)).

Slominski also claims that the sentencing finding of diminished capacity raises an issue of material fact whether she "knowingly" presented a false claim. *See* **31 U.S.C. § 3729(a)** (FCA prohibits "knowingly present[ing]" and conspiring to present "a false or fraudulent claim for payment or approval"). Slominski cites no authority that sentencing findings negate the preclusive effect of guilty pleas or admissions. *Cf. United States v. Villa-Madrigal*, 683 F.3d 924, 926 (8th Cir. 2012) ("[A] defendant who pleads guilty waives all nonjurisdictional defenses."). Slominski had the opportunity to litigate her knowledge during the criminal case. The district court found her mentally competent to proceed. By pleading guilty, she admitted to "conspiracy to defraud the United States . . . by obtaining or aiding to obtain the payment or allowance of any false, fictitious or fraudulent claim." **18 U.S.C. § 286**. *See* "Factual Basis Statement," Doc. No. 35, *United States v. Slominski*, No. 1:11CR10036-2 (D.S.D. Dec. 30, 2013). *See also* ***Hernandez-Uribe***, 515 F.2d at 21 (holding defendant admits all essential elements of the offense by pleading guilty), *citing* **McCarthy v. United States**, 394 U.S. 459, 466 (1969). Slominski necessarily admitted knowledge of the conspiracy to defraud and of the falsity of the submitted claims. *See, e.g.,* **United States v. Dedman**, 527 F.3d 577, 593-94 (6th Cir. 2008) (holding § 286 requires "the defendant knew or was deliberately ignorant of the claim's falsity, fictitiousness, or fraudulence"); **United States v. Leahy**, 82 F.3d 624, 633 (5th Cir. 1996) (holding § 286 requires knowledge of claim's falsity, fictitiousness, or fraudulence). *See also* **United States v. Price**, 542 F.3d 617, 620 (8th Cir. 2008) (noting that knowing participation in the conspiracy is required under 18 U.S.C. § 371). Her plea and admissions establish that she conspired to "knowingly" present a false claim under the FCA. *See* **31 U.S.C. § 3729(b)(1)** ("knowingly" includes actual knowledge, deliberate ignorance, or reckless disregard of the truth or falsity of the information).

II.

This court reviews de novo a double jeopardy claim. ***Students for Sensible Drug Policy Found. v. Spellings***, 523 F.3d 896, 899 (8th Cir. 2008). The Double Jeopardy Clause prohibits "'multiple *criminal* punishments for the same offense.'" ***United States v. Lippert***, 148 F.3d 974, 976 (8th Cir. 1998) (emphasis in original), *quoting* ***Hudson v. United States***, 522 U.S. 93, 99 (1997). Determining whether a punishment is civil or criminal is initially a question of statutory construction. ***Students for Sensible Drug Policy Found.***, 523 F.3d at 899. The FCA is a civil statute. ***United States v. Coop. Grain & Supply Co.***, 476 F.2d 47, 59-60 (8th Cir. 1973).

Because the FCA is construed as intending a civil sanction, the court examines whether there is "'clearest proof'" that the statutory scheme is "'so punitive either in purpose or effect as to transform what was clearly intended as a civil remedy into a criminal penalty.'" ***Lippert***, 148 F.3d at 976, *quoting* ***Hudson***, 522 U.S. at 99-100. The court examines the statute on its face. ***Id.***

The district court awarded both treble damages and a fixed per-claim sum. In *United States v. Brekke*, 97 F.3d 1043, 1048-49 (8th Cir. 1996), this court held that the FCA is not punishment for double jeopardy purposes because FCA treble damages are compensatory, not punitive. *See also* ***United States v. Peters***, 110 F.3d 616, 617-18 (8th Cir. 1997) (determining that FCA treble damages and fixed penalties are not punishment for double jeopardy purposes). True, this court relied in part on *United States v. Halper*, 490 U.S. 435 (1989), which was abrogated by *Hudson*, 522 U.S. at 101-02. But *Hudson*'s rejection of *Halper*'s method of analysis does not affect this court's determination that FCA penalties are compensatory. *See* ***Hudson***, 522 U.S.

at 99, *citing* **United States ex rel. Marcus v. Hess**, 317 U.S. 537, 549-52 (1943) (holding that the FCA is compensatory).[2]

The FCA statutory scheme is therefore not so punitive that it is a criminal sanction. *Accord,* **Sanders v. Allison Engine Co.**, 703 F.3d 930, 942-48 (6th Cir. 2012) (applying *Hudson* analysis in context of Ex Post Facto Clause to determine FCA penalties are civil); **United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.**, 608 F.3d 871, 878 (D.C. Cir. 2010) ("The FCA is not penal."); **United States v. Rogan**, 517 F.3d 449, 454 (7th Cir. 2008) ("[P]enalties under the False Claims Act are not criminal punishment for the purpose of the Double Jeopardy Clause in the Fifth Amendment.").

The $1.3 million judgment is not punishment barred by the Double Jeopardy Clause.

III.

Aleff and Slominski assert that the $1.3 million penalty violates the Excessive Fines Clause. The district court did not address this claim, although it was raised there. Typically, this court's review of an excessive fines claim "must be based upon the analysis and record finally developed by the district court." **United States v. Dodge Caravan SE/Sport Van, Vin # 1B4GP44G2YB7884560**, 387 F.3d 758, 761 (8th Cir. 2004). A remand is not required here, however, because there is no dispute

_____

[2]Although the Supreme Court once characterized the FCA penalty provisions as "essentially punitive," **Vermont Agency of Natural Res. v. United States ex rel. Stevens**, 529 U.S. 765, 784 (2000), it later confirmed that FCA treble damages have "a compensatory side," **Cook Cnty., Ill. v. United States ex rel. Chandler**, 538 U.S. 119, 130 (2003). *See generally* **PacifiCare Health Sys., Inc. v. Book**, 538 U.S. 401, 405-06 (2003) (acknowledging the spectrum between compensatory and punitive statutory treble-damages provisions).

-5-

about the number of violations or the amount of actual damages. Further, the basis for the judgment is clear: $911,670 (treble of actual damages suffered) added to $660,000 (the undisputed number of false claims multiplied by a statutory penalty of $5,000 per claim) less $195,000 (the amount of restitution paid). And this court reviews de novo the constitutionality of an order under the Excessive Fines Clause. *United States v. Moyer*, 313 F.3d 1082, 1086 (8th Cir. 2002).

The Excessive Fines Clause applies to civil penalties that are punitive in nature. *Lippert*, 148 F.3d at 977. A punitive sanction violates the Excessive Fines Clause if it is "'grossly disproportional to the gravity of a defendant's offense.'" *Moyer*, 313 F.3d at 1086, *quoting **United States v. Bajakajian***, 524 U.S. 321, 334 (1998). Proportionality is determined by a variety of factors, including the reprehensibility of the defendant's conduct; the relationship between the penalty and the harm to the victim; and the sanctions in other cases for comparable misconduct. *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 435 (2001). Legislative intent is also relevant, *Qwest Corp. v. Minn. Pub. Util. Comm'n*, 427 F.3d 1061, 1069 (8th Cir. 2005), as is the defendant's ability to pay, *Lippert*, 148 F.3d at 978.

The FCA's treble damages in combination with the per-claim penalties are punitive for the purposes of the Excessive Fines Clause. *Hays v. Hoffman*, 325 F.3d 982, 992 (8th Cir. 2003), *citing **United States v. Mackby***, 261 F.3d 821, 829-31 (9th Cir. 2001). *See also **Lippert***, 148 F.3d at 977-78 (holding penalty may be punitive under Excessive Fines Clause but not punishment for double jeopardy purposes).

The monetary sanction here is not grossly disproportional. Aleff and Slominski did cause only economic loss. *See **BMW of N. Am., Inc. v. Gore***, 517 U.S. 559, 576 (1996) (noting harm that is purely economic is less reprehensible than violent crimes). However, their scheme to defraud the government spanned two states and more than six years. It is undisputed that they received $303,890 from the public fisc to which

they were not entitled.  The United States also had to bear the cost of investigating the fraud and suffered damage to the integrity of one of its programs.  *See **Qwest Corp.**,* 427 F.3d at 1069 (acknowledging harm to state regulatory body and state's competitive environment in holding penalty was not excessive).  While the judgment is about 4.3 times the actual damages, it is within the FCA's statutory limits.  *See **id.*** (holding a penalty less than statutory maximum was not excessive).  *Compare **Gore**,* 517 U.S. at 583, 585 (holding punitive damage award 500 times larger than actual damages was grossly excessive), *with **Moyer**,* 313 F.3d at 1086 (holding forfeiture of money double the amount of harm to the government was not grossly disproportional).

The $1.3 million judgment is not an unconstitutionally excessive fine.

* * * * * * *

The judgment is affirmed.

_____