# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-3605

_____

United States of America

*Plaintiff - Appellee*

v.

Patricia Ann McQuarry

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 23, 2015
Filed: March 22, 2016

_____

Before RILEY, Chief Judge, SMITH and SHEPHERD, Circuit Judges.

_____

RILEY, Chief Judge.

A jury found Patricia McQuarry guilty of one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 286, and two counts of making a false claim against the United States in violation of 18 U.S.C. § 287. McQuarry appeals,

arguing the district court[1] reversibly erred when it excluded from evidence a video McQuarry claims supported her good-faith defense. With jurisdiction on appeal under 28 U.S.C. § 1291, we affirm.

## I.     BACKGROUND

We recite the facts "'in the light most favorable to the jury's verdict[].'" United States v. McKanry, 628 F.3d 1010, 1014 n.2 (8th Cir. 2011) (quoting United States v. Van Nguyen, 602 F.3d 886, 890 (8th Cir. 2010)). In the summer of 2007, McQuarry and her husband, Mark Garcia, were behind on mortgage payments for their northeast Minneapolis, Minnesota, home. Seeking financial advice, McQuarry and Garcia began attending a weekly "private study group" until they moved in 2008. The private study group, led by a man whom McQuarry describes as "very young" and "charismatic," studied abstract theories of finance and debt relief. Through the group, McQuarry spent "hundreds," "if not thousands," of hours studying videos of financial seminars. According to McQuarry, one of the videos explained how to use United States Department of the Treasury Internal Revenue Service (IRS) Form 1099-OID.[2] Another video, called the "The Money Matrix," by a certified public accountant (CPA) named Al Wagner (Wagner video), discussed fractional-reserve banking—the practice whereby banks accept deposits and hold reserves equal to only a fraction of their liabilities to depositers.

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

[2]IRS Form 1099-OID is used to report original issue discount (OID), that is, amounts treated as interest from a debt instrument issued for less than its price at maturity with the excess being a form of interest income. See generally 26 U.S.C. § 1273(a)(1). Generally, the issuer of the debt instrument (or an intermediary) generates Form 1099-OID and sends it to the owner of the debt instrument and the IRS. See 2015 IRS Pub. 1212, "Guide to Original Issue Discount (OID) Instruments," at 6.

In December 2008, McQuarry filed a 2007 federal personal income tax return, claiming a $97,624 refund. McQuarry reported $2,765 in wages and $127,483 in OID income purportedly withheld by two financial institutions, attaching eight corresponding Forms 1099-OID to her return. The IRS identified McQuarry's return and submitted it to the frivolous-return program. In April 2009, McQuarry filed a 2008 federal personal income tax return. For 2008, McQuarry claimed she earned $1,138 in wages and claimed one financial institution withheld $30,883 in interest income. McQuarry requested a $28,498 refund, but the IRS again submitted McQuarry's return to the frivolous-return program.

On June 18, 2013, a federal grand jury charged McQuarry with one count of conspiracy to defraud the United States and two counts of making a false claim against the United States. See 18 U.S.C. §§ 286, 287.

During a pretrial conference, the district court heard argument about whether two videos informing McQuarry's beliefs, including the Wagner video, should be admitted into evidence and played for the jury. The district court stated the Wagner video might be admissible if McQuarry testified and laid a proper foundation. Based on this pretrial ruling, McQuarry's counsel, in his opening statement at trial, referenced topics covered in the Wagner video, such as fractional-reserve banking.

After viewing the two videos, and shortly before McQuarry took the stand, the district court issued its final evidentiary ruling on the videos. The district court explained it would allow the jury to watch the video that instructed how to fill out Form 1099-OID "as an example of one of these salesmen trying to promote a scheme." However, the district court, citing Federal Rule of Evidence 403, would not admit the Wagner video to play to the jury, explaining,

> I have no idea what [the Wagner video] has to do with this case. OID isn't mentioned. I mean, our case is about making a false claim for tax

refunds to the government. . . . I didn't sense any connection at all between what Wagner said and our case.

> So, . . . I will let Ms. McQuarry testify that she watched a lecture by CPA Wagner. I will let her explain what it is he said that made her think what she was doing was lawful and that she wasn't making a false claim. But I'm just not going to play this hour and five minutes [video]. There is so much here that has nothing to do with our case. It looked to me like almost all of it -- I assume [McQuarry] will point out some connection, but I think under [Federal Rule of Evidence] 403 there are multiple problems with the Wagner [video].

> . . . .

> . . . [F]or example, the CPA's rant about the [Fair Debt Collection Practices Act], which, besides being wrong about virtually everything he discussed, . . . I do worry that that's going to confuse the jury and mislead them.

The district court also opined Wagner took "45 minutes to make [the] same point" about fractional-reserve banking that McQuarry's counsel explained "more clearly in about two minutes in his opening statement." McQuarry objected that the opening statement was not evidence. The district court told counsel his objection was understood, but emphasized McQuarry could testify about the Wagner video and "anything and everything she wants that she saw at that seminar that led her to believe that what she was doing was -- that she was not making a false claim." As part of her testimony, McQuarry confirmed her understanding of fractional-reserve banking gained from the Wagner video was "along the lines" of her counsel's description in the opening statement.

To prove a violation of 18 U.S.C. § 287 and 18 U.S.C. § 286, the government had to show McQuarry knowingly presented a material false, fraudulent, or fictitious claim against the United States. See United States v. Jirak, 728 F.3d 806, 811 (8th Cir. 2013); United States v. Aleff, 772 F.3d 508, 511 (8th Cir. 2014). McQuarry

-4-

maintained she believed she was filing "true and correct" tax returns and Forms 1099-OID.

The jury found McQuarry guilty on all counts. The district court sentenced McQuarry to concurrent sentences of 40 months imprisonment on each count and ordered her to pay, in joint and several liability with Garcia, $226,000 in restitution to the IRS. McQuarry appeals, challenging the district court's ruling excluding the Wagner video from evidence at trial.[3]

## II.    DISCUSSION

McQuarry argues the district court erred when it excluded the Wagner video from evidence and thereby deprived McQuarry "of her fundamental right to present a complete defense." See Crane v. Kentucky, 476 U.S. 683, 690 (1986) (observing the exclusion of "competent, reliable evidence" that is "central to the defendant's claim of innocence" risks depriving a defendant of rights guaranteed by the U.S. Constitution). We review evidentiary rulings "for an abuse of discretion," see Quigley v. Winter, 598 F.3d 938, 946 (8th Cir. 2010), and constitutional and legal claims de novo, see Hanan v. Mukasey, 519 F.3d 760, 763 (8th Cir. 2008). We "'revers[e] only when an improper evidentiary ruling affected the defendant's substantial rights or had more than a slight influence on the verdict.'" United States v. Anderson, 783 F.3d 727, 745 (8th Cir. 2015) (quoting United States v. Henley, 766 F.3d 893, 914 (8th Cir. 2014)).

_____

[3]Though represented by counsel, McQuarry filed (1) with leave, a handwritten pro se supplemental brief asserting eighteen new issues, (2) a petition for declaratory judgment, (3) three motions to supplement the record on appeal, and (4) a motion for release and miscellaneous other relief. We typically do not address a defendant's pro se filings when "the defendant is represented by counsel." United States v. Moore, 481 F.3d 1113, 1114 n.2 (8th Cir. 2007). After careful review, we see no reason to alter that practice here. We deny McQuarry's petition for declaratory judgment, motions to supplement the record, and motion for release and miscellaneous other relief.

McQuarry asserts the Wagner video provided the "sound, rational basis for the belief that the Form 1099-OID could be used in th[e] manner" McQuarry used it. Without the Wagner video, she contends, the "basis for those beliefs, all of their theories . . . sound like mere [hearsay] and conduct in conformity with those beliefs is well presumed to be in violation of law." Upon our independent review of the Wagner video, we conclude the district court did not err in excluding the video.

Federal Rule of Evidence 403 permits the exclusion of "relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." "We give great deference to a district court's application of the Rule 403 balancing test." United States v. Lupino, 301 F.3d 642, 646 (8th Cir. 2002); accord Burris v. Gulf Underwriters Ins. Co., 787 F.3d 875, 881 (8th Cir. 2015) ("A trial court has 'broad discretion in determining the relevancy and admissibility of evidence.'" (quoting United States v. Jiminez, 487 F.3d 1140, 1145 (8th Cir. 2007))).

Not only did the district court reasonably fear the Wagner video could mislead and confuse the jury, the district court questioned the video's relevance and probative value. See Fed. R. Evid. 403. McQuarry "was the best source of [her] subjective beliefs, and [she] testified as to those beliefs." United States v. Giambalvo, 810 F.3d 1086, 1095 (8th Cir. 2016). McQuarry's own testimony about her beliefs was "'more probative'" of her good-faith defense than a lengthy, confusing, and, at best, minimally relevant video she claims to be "'the source or articulation of those beliefs.'" Id. (quoting United States v. Mann, 884 F.2d 532, 538 (10th Cir. 1989)).

The district court's exclusion of the Wagner video from the jury's deliberations did not affect McQuarry's substantial rights, and we are confident admission of the Wagner video would not have changed the verdict. The district court did not err when it excluded the Wagner video from evidence.

## III. CONCLUSION

The judgment of the district court is affirmed.

_____