ATTORNEYS FOR APPELLANT
Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General

ATTORNEY FOR APPELLEE
David W. Stone IV
Stone Law Office & Legal Research
Anderson, IN

# In the
# Indiana Supreme Court

FILED
Nov 02 2017, 9:59 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 27S04-1702-MI-70

STATE OF INDIANA,

*Appellant (Plaintiff below),*

v.

TYSON TIMBS,

*Appellee (Defendant below).*

Appeal from the Grant Superior Court 1, No. 27D01-1308-MI-92
The Honorable Jeffrey D. Todd, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 27A04-1511-MI-1976

**November 2, 2017**

**Slaughter, Justice.**

The State sought to forfeit Defendant's Land Rover after he used it to transport illegal drugs. The trial court held the proposed forfeiture would violate the Eighth Amendment's Excessive Fines Clause. We conclude the Excessive Fines Clause does not bar the State from forfeiting Defendant's vehicle because the United States Supreme Court has not held that the Clause applies to the States through the Fourteenth Amendment.

**Factual and Procedural History**

Defendant, Tyson Timbs, used life-insurance proceeds after his father's death to pay $42,058.30 for a Land Rover in January 2013. Over the next four months, Timbs regularly drove the Land Rover between Marion and Richmond, Indiana, to buy and transport heroin. Timbs's trafficking came to the attention of a confidential police informant, who told a member of the Joint Effort Against Narcotics team that he could buy heroin from Timbs. Police set up a controlled buy, and the informant and an undercover detective bought two grams of heroin from Timbs for $225. Police made another controlled buy a couple of weeks later, acquiring another two grams of heroin for $160. During the second buy, the detective set up a third controlled buy with Timbs. The day the third buy was to occur, police apprehended Timbs during a traffic stop. The Land Rover had 1,237 miles on its odometer when Timbs bought it in January, and more than 17,000 miles when police seized the vehicle in late May.

In June 2013, the State charged Timbs with two counts of Class B felony dealing in a controlled substance and one count of Class D felony conspiracy to commit theft. Nearly two years later, in 2015, Timbs pleaded guilty to one count of Class B felony dealing and one count of Class D felony conspiracy to commit theft in exchange for the State's dismissing the remaining charge. The trial court accepted the plea and sentenced Timbs to six years, with one year executed in community corrections and five years suspended to probation. Timbs also agreed to pay police costs of $385, an interdiction fee of $200, court costs of $168, a bond fee of $50, and a $400 fee for undergoing a drug-and-alcohol assessment with the probation department.

Within a couple months of bringing criminal charges, the State also sought to forfeit the Land Rover. After a bench trial, the court issued written findings that denied the State's action, concluding that forfeiture would be an excessive fine under the Eighth Amendment. "The amount of the forfeiture sought is excessive, and is grossly disproportional to the gravity of the Defendant's offense." The trial court observed that the maximum statutory fine for Timbs's Class B felony was $10,000 on the day he was arrested and noted the vehicle was worth approximately four times this amount when he bought it just a few months earlier. The court made no finding about the vehicle's value on Timbs's arrest date. Based on its holding, the court ordered the State to release the vehicle

immediately. A divided Court of Appeals affirmed. State v. Timbs, 62 N.E.3d 472 (Ind. Ct. App. 2016). We granted transfer, thus vacating the Court of Appeals' opinion, and now reverse.

## Standard of Review

Before addressing whether forfeiture of Timbs's Land Rover would be an excessive fine, we must decide the antecedent question of whether the Excessive Fines Clause applies to forfeitures by the State. Whether a Bill of Rights provision applies to the States is a purely legal question. We review such questions de novo. State v. Harper, 8 N.E.3d 694, 696 (Ind. 2014). Unlike legal questions, a trial court's factual determinations are reviewed for clear error. Fischer v. Heymann, 12 N.E.3d 867, 870 (Ind. 2014). We will not reweigh evidence or determine the credibility of witnesses, and we will consider only the evidence favorable to the judgment and the logical inferences drawn from it. Ind. Trial Rule 52(A); Hitch v. State, 51 N.E.3d 216, 226 (Ind. 2016).

## Discussion and Decision

**I.     The United States Supreme Court has never enforced the Excessive Fines Clause against the States, and we opt not to do so here.**

The framers' original conception was settled long ago that the Bill of Rights applies only to the national government and cannot be enforced against the States. See Barron v. Baltimore, 32 U.S. (7 Pet.) 243, 247 (1833). Only after ratification of the Fourteenth Amendment did the Supreme Court, in the early twentieth century, begin to apply various provisions of the Bill of Rights to the States through the doctrine of selective incorporation. Justice Black's argument for total incorporation of the Bill of Rights, see, e.g., Adamson v. California, 332 U.S. 46, 71-72, 89 (1947) (Black, J., dissenting), has never carried the day. McDonald v. City of Chicago, 561 U.S. 742, 761-63 (2010).

To date, the Supreme Court has incorporated most of the first eight amendments—with a few notable exceptions: the Third Amendment's protection against quartering soldiers, the Fifth Amendment's grand-jury requirement, and the Seventh Amendment's right to a civil jury trial. Id. at 765 n.13 (citations omitted). At issue here is whether the Eighth Amendment's Excessive Fines Clause is enforceable against the States. We hold it is not.

3

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Supreme Court has never held that States are subject to the Excessive Fines Clause. The Court initially declined to decide the Clause's incorporation status.

> Because of the result we reach today, we need not answer several questions that otherwise might be necessarily antecedent to finding the Eighth Amendment's Excessive Fines Clause applicable to an award of punitive damages, … [including] whether the Eighth Amendment's prohibition on excessive fines applies to the several States through the Fourteenth Amendment[.]

Browning-Ferris Industries of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 276 n.22 (1989).

A dozen years later, in a case involving not a fine but another punitive-damages award, the Supreme Court stated in dictum that the Fourteenth Amendment's Due Process Clause "makes the Eighth Amendment's prohibition against excessive fines and cruel and unusual punishments applicable to the States." Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 433-34 (2001) (citing Furman v. Georgia, 408 U.S. 238 (1972) (per curiam)). A prominent treatise on criminal procedure observed that Cooper's statement incorporating the Excessive Fines Clause was merely dictum. "In noting that the due process clause also incorporated the Eighth Amendment prohibitions against excessive fines and cruel and unusual punishments, the Court cited Furman v. Georgia, … which involved an application of the prohibition against cruel and unusual punishments." Wayne R. Lafave et al., Criminal Procedure § 2.6(b), n.45 at 833 (4th ed. 2015).

Despite Cooper's 2001 dictum that the Clause can be enforced against States, the Supreme Court's most recent pronouncement on this subject, in 2010, suggests the Clause has not been incorporated after all. McDonald, 561 U.S. at 765 n.13. McDonald was an incorporation case. At issue was whether the Second Amendment's individual right to keep and bear arms, recognized in District of Columbia v. Heller, 554 U.S. 570 (2008), is enforceable against the States. McDonald held that it is—a position commanding the support of five Justices, four of whom agreed it was enforceable through the Due Process Clause. Only Justice Thomas believed the basis for decision should be the Privileges and Immunities Clause. McDonald, 561 U.S. at 805-58 (Thomas, J., concurring in part and in the judgment). En route to deciding that the Second Amendment applies to the States, McDonald observed that "[o]nly a handful of the Bill of Rights protections remain

4

unincorporated", id. at 765, and included on that list "the Eighth Amendment's prohibition on excessive fines." Id. at 765 n.13. Citing only Browning-Ferris and not Cooper, the Court stated, "We have never decided whether the … Eighth Amendment's prohibition of excessive fines applies to the States through the Due Process Clause." Id.

It is not self-evident why the McDonald Court did not mention Cooper. Perhaps the omission was an oversight, though we will not conclude lightly that the Supreme Court whiffed on the existence or meaning of its precedent. The more likely explanation is that McDonald was treating Cooper's statement as superfluous to Cooper's holding and therefore dictum. Just as Cooper's statement that the Excessive Fines Clause is enforceable against the States is dictum, so too is McDonald's statement that the Clause is not.

So where does that leave us? Given the lack of clear direction from the Supreme Court, we have a couple of options. One option is to ignore McDonald and follow the lead of some courts that have either applied the Excessive Fines Clause to challenged state action or assumed without deciding that the Clause applies. See, e.g., Hamilton v. City of New Albany, Indiana, ___ Fed. Appx. ___, 2017 WL 2615453, at *5 (7th Cir. Jun. 16, 2017) (vacating summary judgment for city on plaintiff's federal excessive-fines claim and remanding for trial without mentioning incorporation or McDonald); Cripps v. Louisiana Dep't of Agriculture and Forestry, 819 F.3d 221, 234 (5th Cir. 2016) ("Assuming arguendo that the Excessive Fines Clause applies, the record indicates that each of Plaintiffs' offenses resulted in fines that do not exceed the limits prescribed by the statute authorizing it."); Discount Inn, Inc. v. City of Chicago, 803 F.3d 317, 320 (7th Cir. 2015) (holding that "the fines imposed by the challenged [city] ordinances are not excessive even if the 'excessive fines' clause is applicable"); Public Employee Retirement Admin. Comm'n v. Bettencourt, 47 N.E.3d 667, 672 n.7, 681 (Mass. 2016) (holding forfeiture violates federal excessive-fines clause based on Cooper without mentioning McDonald).

A second option is to await guidance from the Supreme Court and decline to find or assume incorporation until the Supreme Court decides the issue authoritatively. We choose this latter, more cautious approach for two reasons. First, although the Supreme Court has addressed this issue only in dicta, its statement in McDonald that the Clause has not been incorporated is entitled to more weight because it is the Court's most recent. Second, Indiana is a sovereign state within our federal

system, and we elect not to impose federal obligations on the State that the federal government itself has not mandated. An important corollary is that Indiana has its own system of legal, including constitutional, protections for its citizens and other persons within its jurisdiction. Absent a definitive holding from the Supreme Court, we decline to subject Indiana to a *federal* test that may operate to impede development of our own excessive-fines jurisprudence under the Indiana Constitution.

Although we ultimately disagree with our Court of Appeals' decision to apply the Excessive Fines Clause to the State's forfeiture, we understand the Court's reason for doing so. After all, the State specifically advised the Court that it "need not decide [the issue of incorporation] … because the penalties imposed were not unconstitutionally excessive." Despite the State's choice not to wage the incorporation battle here, we need not abide a party's consent to a misstatement or misapplication of law. Stephenson v. State, 864 N.E.2d 1022, 1030 (Ind. 2007). We reserve to ourselves—not the parties—the prerogative to pronounce what law governs a particular dispute. The parties' consensus here to subject the State's forfeiture to review under the Clause does not require that we follow suit. And we decline to do so, mindful that our colleagues on the Court of Appeals and the trial court may be correct in foretelling where the Supreme Court will one day lead on whether to apply the Clause to the States.

To be clear, our decision on incorporation should not be read to prejudge the merits of pending or prospective forfeiture challenges based on *other* provisions of state or federal law. Our narrow holding here is confined to the Court of Appeals' reliance on a provision of the United States Constitution—the Excessive Fines Clause—that the Supreme Court has never enforced against the States. We decline to address other potential problems with the State's forfeiture because Timbs raised only an excessive-fines challenge under federal law.

## II. Based on the trial court's findings, the State proved it is entitled to forfeit the Land Rover.

Because we have resolved the Eighth Amendment issue against Timbs, we turn to whether the State proved its entitlement to forfeit the vehicle under Indiana law. The governing statute provides, in pertinent part, that to obtain forfeiture the State must show that a person used the

vehicle to transport an illicit substance listed in the statute for the purpose of dealing or possessing the substance.

> Sec. 1. (a) The following may be seized:
>
> (1) All vehicles … , if they are used … by the person … in possession of them to transport … the following:
>
> > (A) A controlled substance for the purpose of committing … any of the following:
> >
> > > (i) Dealing in or manufacturing cocaine or a narcotic drug (IC 35-48-4-1)
> > >
> > > ***
> > >
> > > (iii) Dealing in a schedule I, II, or III controlled substance (IC 35-48-4-2)
> > >
> > > ***
> > >
> > > (vii) Possession of cocaine or a narcotic drug (IC 35-48-4-6)

I.C. § 34-24-1-1 (Supp. 2012). See also Katner v. State, 655 N.E.2d 345, 349 (Ind. 1995).

> After a bench trial, the trial court made the following factual findings relevant here.

> Between the date of purchase, and May 31st, 2013, [Timbs] drove the vehicle frequently from Marion to Richmond to purchase heroin. The Land Rover was used by [Timbs] to transport heroin back to Marion. [Timbs] both used and sold the heroin. When the Land Rover was seized by the State at the end of May 2013, the odometer reading was between 17,000 and 18,000 miles. The increased mileage primarily resulted from [Timbs] traveling between Marion and Richmond to engage in illegal drug trafficking.

On appeal, Timbs challenges these findings under the corpus-delicti rule, which requires independent evidence of a crime beyond the defendant's confession. But the rule applies only to an *out-of-court* confession in a *criminal* proceeding and thus does not benefit Timbs. See Willoughby v. State, 552 N.E.2d 462, 466 (Ind. 1990). Timbs's inculpatory testimony occurred *in court*, while his counsel was present, in this *civil*-forfeiture proceeding, where he admitted to multiple trips to Richmond in the Land Rover to acquire heroin and transport it back to Marion. Because corpus delicti is no obstacle to the use of Timbs's testimony, the court's findings are

supported by the evidence, and the State proved them by the required preponderance of the evidence, I.C. § 34-24-1-4(a). These findings establish each of the statutory elements recited above to prove the State's entitlement to forfeit the Land Rover—namely, that Timbs used the vehicle to transport and possess heroin, a schedule I controlled substance, id. § 35-48-2-4(c) (Supp. 2013), and a narcotic drug, id. §§ 35-48-2-4(c), 35-48-1-20(1) (2008 Repl.), for the purpose of engaging in illegal drug trafficking.

## Conclusion

For these reasons, we reverse the trial court's judgment for Timbs and remand with instructions to enter judgment for the State on its forfeiture complaint.

Rush, C.J., and David, Massa, and Goff, JJ., concur.