United States Court of Appeals

For the Eighth Circuit

_____

No. 18-1176

_____

United States of America

*Plaintiff - Appellee*

v.

Scott Thompson, Individually,

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: May 3, 2019
Filed: May 16, 2019
[Unpublished]

_____

Before LOKEN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Scott Thompson appeals the district court's[1] grant of summary judgment for the
United States in its civil suit against him under the False Claims Act (FCA), 31

_____

[1]The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for
the District of South Dakota.

U.S.C. § 3729, and the dismissal of his counterclaims. Having carefully reviewed the record and the parties' arguments on appeal, we agree that Thompson's unappealed criminal conviction regarding the same underlying transactions estopped him from denying the elements of the FCA claim against him. *See* 31 U.S.C. § 3731(e) (providing that a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements shall estop the defendant from denying the essential elements of the offense in any action brought under the FCA involving the same transaction); *United States v. Aleff*, 772 F.3d 508, 510-11 (8th Cir. 2014) (reviewing the grant of summary judgment de novo, and finding that summary judgment on a FCA claim based on estoppel was appropriate where defendant pleaded guilty to a criminal charge regarding the same transaction); *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (noting that the litigant's conviction became final upon expiration of the period for filing a notice of appeal).

Thompson's counterclaims sought relief that would necessarily imply the invalidity of his criminal conviction and were thus *Heck*-barred. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Therefore, we affirm the dismissal of Thompson's counterclaims, modifying the district court's dismissal to be without prejudice. *See Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam) (modifying dismissal of plaintiff's claim as *Heck*-barred to be without prejudice). We also find that the district court did not err in denying leave to amend the counterclaims. *See Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009) (finding no abuse of discretion in concluding amendment would be futile where plaintiff did not indicate how it would make complaint viable).

Accordingly, we affirm the judgment. *See* 8th Cir. R. 47B.

_____